In the Matter of the Claim of MARY LEIDE, Respondent, against JACY PAINTING COMPANY, Employer; CENTURY INDEMNITY COMPANY, Appellant, and HARTFORD INDEMNITY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— This appeal involves only the question as to whether Hartford Accident and Indemnity Company (herein called Hartford) should share with appellant the payment of the benefits awarded to claimant by the decision of the Workmen's Compensation Board. Hartford had entered into contracts of workmen's compensation insurance with this employer for successive terms running, respectively, from April 14, 1948 to April 14, 1949, and from April 14, 1949 to April 14, 1950. In accordance with the usual practice, on April 3, 1950, Hartford issued a renewal policy for similar insurance for a term from April 14, 1950 to April 14, 1951, which policy was forwarded to employer's broker. The broker returned the policy to Hartford's agent on April 13, 1950 marked, " Cancel flat, N/W." The expression " N/W " indicated that the policy was not wanted, the employer and appellant having contracted for compensation coverage for the same period from April 14, 1950 to April 14, 1951. Appellant urges that the Hartford policy last referred to, not having been cancelled in accordance with the provisions of subdivision 5 of section 54 of the Workmen's Compensation Law, remained in full force and effect on July 6, 1950, the day of decedent's accident. The statute invoked deals with a " *contract of insurance* issued by an insurance carrier against liability arising under this chapter ". (Emphasis supplied.) In the exposition of its point appellant places great emphasis upon the issuance of a policy whereas the law is obviously concerned with the existence of a contract of insurance.

Hartford having twice entered into such a contract with the employer, issued and tendered him a policy which could effectuate a renewal of their contractual relations. Inasmuch as the employer made no application for such a policy, Hartford's action was no more than an offer on its part requiring an acceptance on the part of the offeree to effect a contract. The offer was rejected and the policy returned. There was no meeting of minds sufficient to make a contract. The previous policy of insurance issued by Hartford to this employer expired by its own terms on April 14, 1950. The renewal policy never became an effective contract of insurance. The board properly found that there was no policy in existence requiring statutory notice of cancellation. The succession of errors in Hartford's office in processing the returned and cancelled policy could not unilaterally bring into existence a contract into which a prospective insured had refused to enter. Award and decision unanimously affirmed, with costs to the respondent, Hartford Indemnity Company. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.