█ In the Matter of the Claim of ARMANDO PUCCI, Respondent, v. NOVEL LITHOGRAPHERS, INC., et al., Appellants, and COSMOPOLITAN MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by insurance carrier Nationwide from a decision of the Workmen's Compensation Board which held it solely liable for payment of an award predicated upon an accident of October 16, 1965, as against appellant's contention that there was also in effect at that time a policy issued by respondent Cosmopolitan, with the result that, in Nationwide's view, dual coverage existed and Nationwide should be held responsible for only one half of the award. A Cosmopolitan policy was in effect for the period July 14, 1964–July 14, 1965 but a policy issued in renewal thereof for the year ending July 14, 1966 was returned to the insurer by the insured's broker on July 23, 1965, with a memorandum "Please do not renew the enclosed policy since insured has placed with another company". Cosmopolitan went through the form of cancellation, giving notice thereof on August 19, 1965,

effective August 31, 1965. Meanwhile appellant Nationwide's policy had been issued and concededly was in effect at the time of the accident. On or before September 8, 1965, a new broker acting for the employer requested Cosmopolitan to reinstate its renewal policy and Cosmopolitan thereupon issued a new policy for the original renewal term July 14, 1965–July 14, 1966; but on October 21, 1965, the broker returned this rewritten renewal policy for cancellation as constituting duplicate coverage and Cosmopolitan again followed the statutory procedure for cancellation, this time effective November 4, 1965, and again without any charge for premium. As has been stated, the accident had occurred meanwhile — on October 16, 1965; and thus the Cosmopolitan policy was, on its face at least, in force at that time, as was the Nationwide policy. We note parenthetically that Cosmopolitan had replied to Nationwide's routine inquiry of September 24, 1965, as to Cosmopolitan's " previous " coverage, and, in addition, noted that " We still afford coverage for this assured "; but, so far as appears, neither company did anything to straighten out the situation. The board found " that it was the intent of the employer to be covered by Nationwide * * * and that such carrier should be held solely liable." It was within the board's power of factual determination to find absent the intent or meeting of minds necessary to a valid contract (cf. *Matter of Leide* v. *Jacy Painting Co.*, 282 App. Div. 906, mot. for lv. to app. den. 306 N Y. 984). As was held in *Leide* the mere " issuance of a policy " is not necessarily conclusive. Under other circumstances, the issuance of the rewritten renewal policy by reason of a mistake on the part of the employer's new broker might bind all concerned; but here the record amply supports the finding implicit in the board's decision that the employer and Cosmopolitan did not contract for, nor did they intend dual coverage. This is clearly indicated by the actions of the parties and the tenor of their correspondence; and the board was not bound to reach a different conclusion because Cosmopolitan, for precautionary or other reasons, followed strictly the statutory requirements for canceling a subsisting policy. Decision affirmed, with costs to respondent Cosmopolitan. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.