■ In the Matter of the Claim of HERBERT E. BARNES, Respondent, v. WALTER L. BAKER et al., Respondents, and HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by insurance carrier Hartford from a decision of the Workmen's Compensation Board, filed April 7, 1967. At issue is whether Hartford is liable for payment of an award predicated upon an accident of September 21, 1965 as against appellant's contention that no contract of insurance existed between the employer and Hartford. It is conceded that on the day of the accident, workmen's compensation coverage was provided under a contract of insurance with Westchester. It appears that for the period between June 22, 1964 and June 22, 1965 the employer had been covered by a policy written by Hartford. Prior to the expiration of the policy Hartford forwarded a proposed new policy to its agent and which, it alleges, covered only the Pennsylvania activities of the employer. Hartford's agent wrote the employer asking him to advise whether he desired to have the policy issued. The employer thereafter never advised the agent he wanted the policy issued, never took delivery thereof. nor, in fact, ever contacted the agent, the policy at all times remaining with Hartford's agent until it was returned to its regional office long prior to the accident. Upon this state of the record, the finding by the board that the new policy was in existence at the time of the accident, is not supported by substantial evidence and, of necessity, the further finding that Hartford did not cancel this policy pursuant to the requirements of subdivision 5

of section 54 of the Workmen's Compensation Law, is without force. The mere issuance of a policy is not necessarily conclusive (*Matter of Pucci* v. *Novel Lithographers,* 29 A D 2d 590); and as we stated in *Matter of Leide* v. *Jacy Painting Co.* (282 App. Div. 906, 907, mot. for lv. to app. den. 306 N. Y. 984), "Inasmuch as the employer made no application for such a policy, Hartford's action was no more than an offer on its part requiring an acceptance on the part of the offeree to effect a contract. * * * There was no meeting of the minds sufficient to make a contract." We have examined respondents' other contentions which we find insubstantial. Decision reversed, with costs against respondent Westchester Fire Insurance Company, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.