■ In the Matter of the Claim of FRANK VICARI, Respondent, v. RIALTO FRUIT SHOP, INC., et al., Respondents, and PUBLIC SERVICE MUTUAL INSURANCE Co., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal from a decision of the Workmen's Compensation Board holding that a policy of workmen's compensation insurance issued by appellant was in full force and effect on September 21, 1966, the date claimant was injured, because the policy had not been canceled in accordance with the provisions of subdivision 5 of section 54 of the Workmen's Compensation Law. Appellant admits that it issued a renewal policy covering the employer for one year commencing November 18, 1965 but asserts that "The insured returned the policy as not wanted." On January 20, 1966 appellant notified the Chairman of the Workmen's Compensation Board of the cancellation of the policy, effective November 18, 1965, but no notice was served on the employer as mandated by subdivision 5 of section 54. The question is thus whether a renewal policy which has been returned by the employer must be canceled in accordance with subdivision 5 of section 54. It is well settled that an insurance company's unsolicited tender of a renewal policy is no more than an offer on its part which, if not accepted, creates no contract of insurance requiring statutory notice of cancellation (*Matter of Leide* v. *Jacy Painting Co.,* 282 App. Div. 906, mot. for lv. to app. den. 306 N. Y. 984; *Matter of Barnes* v. *Baker,* 30 A D 2d 580; *Matter of Pucci* v. *Novel Lithographers,* 29 A D 2d 590). We find no merit in the respondent board's argument that these cases are distinguishable on the basis that the tender of renewal had been rejected prior to the expiration of the policy in force. The cases do not factually support this suggested distinction. While the record does not sustain the board's finding that appellant's renewal policy was in effect on the date of claimant's accident, neither would it support a determination that a contract of insurance did not come into existence or that it was not in effect at the time of the injury. The fact that a policy of compensation insurance is returned, canceled "flat" and no premium paid does not automatically result in the avoidance of liability by the carrier (see *Matter of Passarelli* v. *Columbia Eng. & Contr. Co.,* 270 N. Y. 68). To avoid liability the carrier issuing the renewal policy has the burden of proving that no contract of insurance came into existence, and if it fails to meet this burden, it will be held liable if it fails to comply strictly with the statutory requirements for cancellation (*Matter of Anderson* v. *Fischback & Moore,* 11 A D 2d 843). The instant record contains only an unsworn statement by appellant's counsel, no testimony or any substantiating documentary evidence, that a contract of insurance did not come into existence. Accordingly, the case must be remanded to the board to permit appellant, if

possible, to provide proof that its policy was rejected as claimed. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellant against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Reynolds, J.