■ In the Matter of the Claim of AMALIE KONSTALID, Respondent, v. CORD CONTRACTING COMPANY et al., Appellants, and SECURITY MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and Greater New York Mutual Insurance Company from a decision of the Workmen's Compensation Board, filed April 10, 1068. The claimant widow has been awarded death benefits arising out of the death of her husband on July 22, 1966 as the result of an accident in the course of his employment as a carpenter on a construction job at the Long Island Jewish Hospital. No appeal is taken from such award, and this appeal is limited to the sole issue of whether there was dual compensation coverage in effect at the time of the accident. The deceased was an employee of Cord Contracting Company, a subcontractor on the project, and P. S. Carlin Company was the general contractor. Cord Contracting Company obtained through its brokers a policy of workmen's compensation insurance from Security Mutual Insurance Company, effective for a one-year period commencing December 31, 1964. On July 21, 1965 an endorsement was issued excluding the Long Island Jewish Hospital Project from the policy. This endorsement was prompted by a requirement of the general contractor that all subcontractors obtain coverage with the same insurance company, and Cord Contracting Company thereafter obtained a policy with Greater New York Mutual Insurance Company effective July 6, 1965. On December 31, 1965 Security Mutual Insurance Company issued a renewal policy to Cord Contracting Company which failed to exclude the Long Island Jewish Hospital Project from coverage. By letter dated January 26, 1966 Security Mutual was requested by the employer to exclude the project from the policy. In attempting to comply with this request Security Mutual on February 8, 1966 erroneously sent an inclusion endorsement instead of an exclusion endorsement. This error was discovered in the month of March, 1967, and, on March 10, 1967, a correction endorsement was issued. It is conceded that only Greater New York Mutual Insurance Company received premiums for coverage on the hospital project. Appellants contend that the endorsement, erroneously issued on February 8, 1966, created a valid contract of insurance covering the hospital job which required the usual cancellation procedure and such procedure not having been followed, there was dual coverage on the date of the accident. The board properly found that there was no dual coverage on the date of the accident, and that Greater New York Mutual Insurance Company was solely liable. The succession of errors in Security Mutual's office in issuing the policy and endorsement could not unilaterally bring into existence a contract of insurance coverage which Cord Contracting Company did not desire and had specifically rejected. (*Matter of Leide* v. *Jacy Painting Co.*, 282 App. Div. 906, mot. for lv. to app. den. 306 N. Y. 984; *Matter of Moskowitz* v. *Bazaar Fabrics*, 2 A D 2d 728; *Matter of Barnes* v. *Baker*, 30 A D 2d 580.) The finding of the

board is supported by substantial evidence in the record, and must be sustained. Decision affirmed, with costs to respondent carrier. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.