# THIRD DEPARTMENT, OCTOBER, 1981

## (October 8, 1981)

■ In the Matter of the Claim of VITO D'ANNA, Respondent, v PARKER WATCH CORP. et al., Respondents, and ST. PAUL FIRE & MARINE INSURANCE CO., Appellant. UNINSURED EMPLOYERS FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 21, 1980, which held that a policy of workers' compensation insurance issued by the carrier was in full force and effect on October 8, 1975, the date claimant was injured, since the policy had not been canceled in accordance with subdivision 5 of section 54 of the Workers' Compensation Law. The carrier admits that it issued a renewal policy covering the employer for one year commencing December 2, 1974, but asserts that the policy was rejected by the employer and was, therefore, not in effect on October 8, 1975. Since the carrier failed to notify the employer of the cancellation of the policy, as required by subdivision 5 of section 54 of the Workers' Compensation Law, the question is whether the instant renewal policy had to be canceled in accordance with subdivision 5 of section 54. We have previously addressed this issue, holding that: "an insurance company's unsolicited tender of a renewal policy is no more than an offer on its part which, if not accepted, creates no contract of insurance requiring statutory notice of cancellation [citations omitted] * * * The fact that a policy of compensation insurance is returned, canceled 'flat' and no premium paid does not automatically result in the avoidance of liability by the carrier [citation omitted]. To avoid liability the carrier issuing the renewal policy has the burden of proving that no contract of insurance came into existence, and if it fails to meet this burden, it will be held liable if it fails to comply strictly with the statutory requirements for cancellation [citation omitted]." *(Matter of Vicari v Rialto Fruit Shop,* 32 AD2d 679.) The present record adequately supports the board's implicit finding that the carrier failed to sustain its burden of proving that no contract of insurance came into being. Moreover, the carrier itself appears to have recognized the applicability of subdivision 5 of section 54 by serving a notice of cancellation upon the board which stated that the employer had been served with a notice of cancellation. Decision affirmed, with one bill of costs to respondents filing briefs against St. Paul Fire & Marine Insurance Company. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.