■ In the Matter of the Claim of DONALD K. WATSON, Respondent, v TONY CAPRINO, Doing Business as TONY CAPRINO LANDSCAPING SERVICE, et al., Respondents, and MARYLAND CASUALTY COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed March 21, 1988.

Claimant was employed as a seasonal worker for the employer in the latter's landscaping service during the years 1983-1984 and 1984-1985, which work began about April 1 each year. During this period, a policy of workers' compensation insurance was issued to the employer by the insurance carrier herein, Maryland Casualty Company (hereinafter Maryland). On or about February 22, 1985, a renewal policy effective April 5, 1985, the end of the current policy year, was issued by Maryland to cover the year 1985-1986 and the employer's copy was forwarded to its local agent for delivery to the employer. However, prior thereto the employer called a meeting of his employees, including claimant, to inform them that he intended to sell his business but desired to restore it to a profit-making enterprise first and, that in order to do so, he would no longer provide workers' compensation insurance and that all employees would become independent contractors and own their own businesses. He also stated that he would subcontract all his work to them but that they were free to obtain other work on their own. The employees were also required to execute contracts to that effect and file certificates of doing business under assumed names. The workers, including claimant, complied.

Although the exact date of this meeting is not clear, the employer later testified that he thought "it was in April sometime or late March". It should be noted that the certificate of doing business under an assumed name executed by claimant was dated April 1, 1985 and his contract with the employer was executed April 9, 1985. In any event, on April 17, 1985, Maryland received a loss policy release signed by its agent and, apparently, the employer, requesting cancellation

of the policy by the employer as of the effective date, April 5, 1985. No premium was paid on this policy.

Thereafter, on September 12, 1985, claimant injured his ankle while in the course of his employment as a "subcontractor" in landscaping services for the employer. After development of the record, a Workers' Compensation Board panel affirmed a finding that Maryland continued to provide workers' compensation insurance to the employer subsequent to April 5, 1985 and that claimant, found to be an employee of the employer, was entitled to benefits, since the policy of insurance offered February 22, 1985 was never properly canceled as required by the provisions of Workers' Compensation Law § 54 (5) and was in full force and effect at the time of claimant's injury. The Board cited *Matter of Vicari v Rialto Fruit Shop* (32 AD2d 679) for support. This appeal by Maryland ensued.

It is Maryland's contention that the policy offered for renewal on February 22, 1985 was nothing more than just that, an "offer" which the employer never intended to "accept" and in fact an offer which was rejected by the employer. Thus, according to Maryland, it cannot be held liable since no contract of insurance ever came into being which would trigger the statutory requirements for cancellation *(see, Matter of Barnes v Baker,* 30 AD2d 580; *Matter of Leide v Jacy Painting Co.,* 282 App Div 906).

We are persuaded that Maryland is correct in its legal conclusion and must reject the Board's determination that the retention of the proffered policy by the employer until April 17, 1985 resulted in coverage until that date, and we do not read *Matter of Vicari v Rialto Fruit Shop (supra)* as authority for the Board's conclusion. On the contrary, as required by *Vicari,* the record demonstrates that Maryland has sustained its burden of proof by "testimony [and] substantiating documentary evidence, that a contract of insurance did not come into existence" *(supra).*

Decision reversed, with costs to Maryland Casualty Company against the Uninsured Employers' Fund, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.