█ In the Matter of the Claim of August Capron, Respondent, v Robert Lecceardone, et al., Respondents, and State Insurance Fund, Appellant. Workers' Compensation Board, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 23, 1978, as amended by decisions filed September 22, 1978 and November 28, 1978, which found the insurance carrier on the risk on the date of claimant's accident because its prior cancellation of the employer's insurance policy for nonpayment of premium did not comply with the requirements of subdivision 5 of section 54 of the Workers' Compensation Law. The issue we are called upon to determine is whether there is substantial evidence to support the board's finding that "there was no timely service on the employer by mail" of the 10-day notice of cancellation. We find the record is lacking in such evidence. Accordingly, the decision of the board, as amended, must be reversed. The proof established that the employer, by his own admission, received the notice of cancellation in the mail at the post office in Salamanca, New York, on February 18, 1972, the date on which the return receipt addressed to his post office box was signed as having been delivered to the addressee or his agent. The board found that: "the Notice of Cancellation was received by the employer on February 18, 1972, cancellation per form C-24 to be effective February 28, 1972." This finding, therefore, permits of no other conclusion but that the employer received the notice of cancellation via registered mail. It is obvious that the notice in question could not have arrived in the Salamanca, New York post office, by registered mail, return receipt requested, on the 18th day of February, 1972 unless it had been posted in New York City on February 17, 1972 or prior thereto. We are, therefore, left with the inescapable conclusion that the notice of cancellation was timely served by registered mail on the employer more than 10 days prior to February 28, 1972, the date on which cancellation was effective. The date claimant sustained his injury was March 8, 1972, over a week after the insurance policy issued by appellant was effectively canceled. Decision reversed, with costs to appellant against respondent uninsured Employers' Fund, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.