■    In the Matter of the Claim of LIDIA CHIRINO et al., Respondents, v SANITARY CONTROLS, INC., et al., Appellants, and STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed December 11, 1978, which held that the State Insurance Fund had properly canceled a workers' compensation policy issued by it to the employer. On November 23, 1976, respondent State Insurance Fund (Fund) sent a cancellation notice of its policy of workers' compensation insurance issued to the employer, Sanitary Controls, Inc. (Sanitary) and to the Workers' Compensation Board (board) by certified mail, return receipt requested (Workers' Compensation Law, § 54, subd 5). The notice was issued because of nonpayment of premium by Sanitary and its effective date was December 11, 1979. This notice was received and filed by the board on November 29, 1976, but it was not received by Sanitary until December 3, 1976, eight days prior to the intended effective cancellation date. Concurrently, and on November 26, 1976, Sanitary filed a petition for an arrangement under chapter 11 of the Bankruptcy Act, and an order emanating therefrom by the Bankruptcy Judge, dated December 10, 1976 and received by the Fund on December 16, 1976, stayed, among other things, the commencement or continuation of any act or proceeding against Sanitary. However, it did not expressly stay the cancellation of the policy in question prior to its termination date. The claims herein arose from compensable accidents occurring on April 1, 1977. The board has determined that the policy heretofore issued by the Fund was properly canceled effective December 11, 1976, and relieved it from any liability for the claims asserted herein. We agree. In providing for cancellation of insurance, the Workers' Compensation Law mandates a limitation of at least 10 days after the notice of cancellation has been filed by the board, *and* served upon the employer by delivery to it *or* sending it by mail, certified or registered letter, return receipt requested (Workers' Compensation Law, § 54, subd 5). We reject Sanitary's argument that, upon mailing, the 10-day period must be measured from the time of its receipt by the employer (see *Matter of Capron v Lecceardone,* 71 AD2d 753). Such an interpretation would effectively deprive a carrier of one of the two alternative methods of service provided by the statute. In construing this arm of the statute, we adhere to the basic rule that service is made at the time of mailing, not at the time of receipt *(Matter of Rosenberg v Wickham,* 63 Misc 2d 880, affd 36 AD2d 881; cf. General Municipal Law, § 50-e, subd 3, par [b]; CPLR 2103, subd [b], par 2). Secondly, it seems clear that the filing of an arrangement under chapter 11 would not affect Sanitary's obligation under its contract for workers' compensation insurance *(Matter of Schokbeton Inds. v Schokbeton Prods. Corp.,* 466 F2d 171). Decisions affirmed, without costs. Kane, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.

■    SPRINGFIELD SUGAR & PRODUCTS COMPANY, Appellant, v STAR PLAZA, INC., et al., Respondents, et al., Defendant. (And Another Action.)— Appeal from an order of the Supreme Court at Special Term, entered April 6, 1979 in Albany County, which denied plaintiff's motion to consolidate the two actions for trial. Order affirmed, without costs. (See *English Wholesale Grocery Co. v Plaza Super of Malta,* 73 AD2d 759.) Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.