■ In the Matter of the Claim of ROBERT C. SUTTER, Respondent, v ALBANY CAPITALAND ENTERPRISES, INC., Respondent.

FIRST CARDINAL CORPORATION, as Administrator of EMPIRE STATE TRANSPORTATION WORKERS' COMPENSATION TRUST, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [748 NYS2d 414] —Crew III, J. Appeal from an amended decision of the Workers' Compensation Board, filed June 6, 2001, which ruled that First Cardinal Corporation failed to effect a valid termination of the employer's policy of workers' compensation insurance.

In September 1996 claimant, a bus driver, allegedly sustained a work-related injury to his ankle and back. An issue thereafter arose as to whether claimant's employer was insured by its group self-insurance carrier, Empire State Transportation Workers' Compensation Trust, on the date of the purported accident. First Cardinal Corporation, the carrier's administrator, contended that it had terminated such coverage as of August 18, 1996. Following various hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that First Cardinal had failed to effect a valid termination of the employer's policy pursuant to Workers' Compensation Law § 50 (3-a) (3) and continued the case. The Workers' Compensation Board affirmed the WCLJ's decision, prompting this appeal by First Cardinal.

We affirm. While it is true, as First Cardinal contends, that the Board inadvertently made reference to Workers' Compensation Law § 54 (5) in its original decision, a review of the Board's amended decision reveals that it affirmed the WCLJ's decision solely upon Workers' Compensation Law § 50 (3-a) (3), which governs the termination of insurance policies for employers participating in group self-insurance plans. That statute provides, in relevant part: "Notice of termination of a participating employer shall not be effective until at least ten days after notice of such termination, on a prescribed form, has been either filed in the office of the chairman or sent by certified or registered letter, return receipt requested, and also served in like manner upon the employer" (Workers' Compensation Law § 50 [3-a] [3]). Here, the record reflects that First Cardinal's original notice of termination was ineffective because it was issued on the wrong form. First Cardinal's subsequent attempt to remedy this error by utilizing the proper form for the subject notice of termination was equally ineffective, as such notice listed a termination date of August 18, 1996 but was not mailed to the employer until August 9, 1996; hence, the employer did not receive the 10 days' notice contemplated by Workers' Compensation Law § 50 (3-a) (3). As public policy dictates that the termination or cancellation of insurance contracts under

the Workers' Compensation Law be accomplished in strict compliance with the statutory mandates (*cf. Matter of Rue v Northeast Timber Erectors*, 289 AD2d 787, 788, *lv dismissed* 98 NY2d 671), we cannot say that the Board's findings in this regard were erroneous. The remaining arguments raised on appeal, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the amended decision is affirmed, without costs.