Per Curiam.

The question is whether the issuer of a purportedly canceled automobile liability policy must share the loss on a risk with the substitute insurer. The insureds had intended to cancel the policy with the first insurer but had failed to give notice, actual or constructive, of cancellation. The second and substitute insurer, Providence Washington, brought this declaratory judgment action to compel contribution by the first insurer, Security Mutual.
The Appellate Division, unanimously reversing a judgment of the Supreme Court in favor of plaintiff, Providence Washington, declared the policy with Security Mutual terminated as *585 of July 11,1968, and that company free of liability with respect to an accident occurring on August 16,1968.
The order of the Appellate Division should be reversed.
For an insured to effect a cancellation, notice of cancellation must be given to the insurance company or an agent authorized to receive such notice. Respondent Security Mutual had not received notice of cancellation, express or otherwise, at the time of the insureds ’ loss.
In February, 1968, Rosemary and Charles Leibold applied to Security Mutual for a comprehensive automobile liability policy covering, among other things, a 1967 Ford Mustang. Security Mutual issued a binder, dated February 23,1968, covering the risk. In June, 1968, however, Security Mutual informed the broker for the Leibolds that property damage coverage would not be provided. An irate Mr. Leibold called the broker’s associate, one Goodwin (neither the broker nor Goodwin was an agent for the insurer), and told him, in Goodwin’s words, “ he was finished with us, he was going to get another broker and another carrier.” The Leibolds thereafter employed a new broker, one Krasnow, and through him obtained from plaintiff, Providence Washington, a substitute policy, dated July 11,1968.
On August 16, 1968, while the car was being driven by the Leibolds’ son, James, it collided with a car owned and driven by defendant Patrick. This resulted in separate actions being brought against Mrs. Leibold and her son by the Patricks and also by a guest in the Patrick car. The Leibolds reported the accident to Providence Washington through the second broker, Krasnow.
Security Mutual had never received notice from either the Leibolds or their first broker that they were canceling the policy. Security Mutual first learned of the accident in October, 1968 from an investigator retained by Providence Washington. On November 21, 1968, Providence Washington notified Security Mutual claiming concurrent coverage by both companies. Security Mutual disclaimed liability on the ground of tardy notice. In March, 1969, Security Mutual sued the Leibolds for the unpaid premium of $992 due on the policy up to January 10, 1969, but subsequently settled for $494, the earned premium to July 11,1968.
*586 Regardless of the insured’s intentions, notice of cancellation to the insurance company is required to effect a cancellation. This State, like many others, has long adhered to this rule (see Russ Togs v. Fidelity-Phenix Ins. Co., 32 N Y 2d 628, affg. 36 A D 2d 706; Louisiana Public Utilities Co. v. Atlas Assur. Co., 238 App. Div. 474, affd. 263 N. Y. 595; Crown Point Iron Co. v. Aetna Ins. Co., 127 N. Y. 608; see, generally, 6A Appleman, Insurance Law and Practice, § 4226). The rule was not satisfied in this instance. While the Liebolds definitely intended to cancel their policy with Security Mutual, they never gave notice of cancellation or set a date for cancellation. The mere intention to cancel expressed to the first broker, not an agent of Security, and the nonpayment of the premium due, would be insufficient cause for Security Mutual to learn that its policy was not in effect on August 16,1968.
In this instance, where the named insureds had obtained substitute coverage and neglected to cancel effectively the first policy, it may seem unfair that the insureds’ oversight might inure to their benefit, and as a practical matter, to the benefit of the second insurer, Providence Washington. The notice of cancellation rule is, however, so important for the insured’s own protection, that it has been and should be consistently enforced.
The invidious consequence of permitting, insurance companies to treat a policy as canceled when an insured suggests to a broker, not the insurance company’s agent, that he is disenchanted and looking elsewhere, is readily apparent. Even where the insured does intend to cancel the policy, and is in the process of obtaining substitute coverage, notice is required to fix the date when the old policy will terminate. Otherwise, there may be a gap in coverage. Especially, with respect to automobile liability insurance, public policy forbids such a result. Moreover, in the technical realm of insurance law, the notice rule is a fixed point on which both insureds and insurers have relied, may rely, and should be able to continue to rely. For that reason, it is a rule of long standing followed generally in this country (see 6A Appleman, Insurance Law and Practice, § 4226, supra).
Accordingly, the order of the Appellate Division should be reversed, with costs, and' the judgment of the trial term, in favor of plaintiff, reinstated.
*587 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Rabin and Stevens concur in Per Curiam opinion; Judge Jones taking no part.
Order reversed, with costs, and judgment of Supreme Court, Queens County, reinstated.