■ In the Matter of the Claim of CHARLES F. FRAZER, Claimant, v ADDITIONAL PERSONNEL, INC., Appellant, et al., Respondents, and STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed December 30, 1982, which held that a policy of workers' compensation insurance was properly canceled.

Additional Personnel, Inc., an employer, had contracted with the State Insurance Fund for a policy of workers' compensation insurance effective May 26, 1977. Apparently, the premium for the period May 26, 1978 to May 26, 1979 was not paid in full. On May 7, 1980, the State Insurance Fund commenced proceedings to cancel the policy. The effective date of cancellation was June 1, 1980. No part of the premium due for the period May 26, 1979 to June 1, 1980 was paid prior to cancellation. The accident

which formed the basis for this claim occurred on November 20, 1980. On March 27, 1981, payment of some $5,000 was accepted by the State Insurance Fund on the balance due on the policy.

The Workers' Compensation Board found that the policy was properly canceled effective June 1, 1980 and that, therefore, the employer was uninsured on the date of the accident. This appeal by the employer ensued. The Uninsured Employers' Fund has also filed a brief in opposition to the Board's decision, but the record contains no indication that it filed a timely notice of appeal.

Initially, we dispose of the employer's contention that certain items were improperly omitted from the record. The Board, on application to settle the record list (22 NYCRR 800.18 [b]), ruled that the items were not properly part of the record since they were not before the Board when it rendered the decision appealed from. The employer's remedy to seek review of this determination was to make a motion to this court pursuant to 22 NYCRR 800.18 (b) (6). Having failed to so move, the employer has waived its objection to the Board's settlement of the record.

We also hold that there is substantial evidence in the record to support the Board's holding that the policy was canceled effective June 1, 1980. The employer stresses that the testimony is uncertain regarding the exact balance due of premiums at the time the State Insurance Fund sought to cancel the policy. However, the testimony of employees of the State Insurance Fund makes it clear that, at that time, the employer had not paid any of the premium for the period May 26, 1979 to May 26, 1980 and had only paid a portion of the premium for the period May 26, 1978 to May 26, 1979. No contradictory evidence was offered by the employer. The fact that, on March 27, 1981, about four months after claimant's accident, the State Insurance Fund accepted a payment of about $5,000 does not estop it from denying coverage. A carrier may be estopped from denying coverage where its conduct leads an employer to the reasonable belief that the policy is not canceled (*see, Matter of Skolnick v State Ins. Fund.*, 97 AD2d 588). However, the acceptance of the payment by the insurer herein did not give rise to a reasonable belief that the policy was still in effect when it was canceled almost 11 months earlier. No action on the part of the State Insurance Fund would reasonably have led the employer to believe that the policy was in effect or that any attempted renewal would be retroactive.

We also agree with the Board's conclusion that the State Insurance Fund properly followed the procedures set forth in Workers' Compensation Law § 54 (5) to cancel the policy.

Decision affirmed, with costs to the State Insurance Fund. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ.