■ WINNIE A. CRUMP, as Administrator of the Estate of THOMAS J. CRUMP, SR., Deceased, Appellant, v UNIGARD INSURANCE COMPANY, Respondent, and PROSPER's TRUCKING, INC., et al., Appellants. [738 NYS2d 425] —Rose, J. Appeal from an order of the Supreme Court (Demarest, J.), entered March 27, 2001 in St. Lawrence County, which, inter alia, granted defendant Unigard Insurance Company's motion for summary judgment and declared that it had no duty to defend and indemnify defendants Prosper's Trucking, Inc. and Trent A. Emery in an underlying wrongful death action.

Plaintiff brought an action against defendants Prosper's Trucking, Inc. (hereinafter Prosper) and Trent A. Emery to recover damages for the wrongful death of her husband in a November 29, 1996 motor vehicle accident. Prosper's insurer, defendant Unigard Insurance Company, disclaimed coverage, contending that AFCO Credit Corporation, a premium financing agency, had cancelled its insurance policy as of November 25, 1996. When plaintiff subsequently sought a declaratory judgment, Supreme Court found that AFCO's actions pursuant to Banking Law § 576 were effective to cancel the policy prior to the accident and granted summary judgment to Unigard and declared that it had no duty to defend and indemnify Prosper and Emery, prompting this appeal. Because Supreme Court erred in deciding that cancellation occurred on November 25, 1996, the date stated in AFCO's notice of cancellation, rather than on December 6, 1996, when the notice of cancellation was actually received by Unigard, we now reverse.

Banking Law § 576 authorizes a premium financing agency to act "in the name of the insured" to cancel an insurance policy for nonpayment when the premium financing agreement so provides and when the agency strictly complies with the statute's notice provisions (Banking Law § 576 [1]; see, L.Z.R. Raphaely Galleries v Lumbermens Mut. Cas. Co., 191 AD2d 680, 681; Lumbermens Mut. Cas. Co. v Comparato, 151 AD2d 265, 266; Sea Ins. Co. v Kopsky, 137 AD2d 804, 804-805). Since the record here indicates that Unigard received AFCO's notice of cancellation of Prosper's policy on December 6, 1996, after the accident occurred, the critical issue on this appeal is whether Banking Law § 576, particularly as amended in 1978 (see, L 1978, ch 565), abrogated the common-law rule requiring that an insurer actually receive the notice before cancellation becomes effective.

Contrary to Unigard's argument on this appeal, the Court of

Appeals expressly reaffirmed the common-law rule in *Savino v Merchants Mut. Ins. Co.* (44 NY2d 625, 628-629), and nothing in the language of the subsequent 1978 amendment reflects an intent to abrogate that rule or supersede *Savino*. The available legislative history reveals that the purpose of the 1978 amendment was to prevent unnecessary lapses in insurance coverage (*see*, Mem of State Executive Dept, 1978 McKinney's Session Laws of NY, at 1744; Mem of Assembly Member Alan G. Hevesi, 1978 Legis Ann, at 328). Since the rationale underlying both the statute and the common-law rule is to protect the insured and third parties by preventing gaps in coverage (*see*, *Providence Washington Ins. Co. v Security Mut. Ins. Co.*, 35 NY2d 583, 586), we find this interpretation to be in accord with public policy.

Moreover, we can infer no intent to abrogate the common-law rule from the Legislature's mere failure to codify it in the 1978 amendment. There would have been no need to codify a rule that had so recently been reaffirmed by the Court of Appeals, nor could the Legislature have intended to abrogate such a well-established rule without making its intent explicit (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 74; *cf.*, *Matter of Widmark v Cahill*, 269 AD2d 33, 35).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion by defendant Unigard Insurance Company for summary judgment denied, cross motions by plaintiff and defendants Prosper's Trucking, Inc. and Trent A. Emery for summary judgment granted, and it is declared that Unigard Insurance Company has a duty to defend and indemnify Prosper's Trucking, Inc. and Trent A. Emery in the underlying action brought by plaintiff.