In the Matter of the Claim of DARREN G. TROJCAK, Claimant, v VALIANT MILLWRIGHTING AND WAREHOUSING, INC., Appellant, and FIRST CENTRAL INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [793 NYS2d 260]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed August 29, 2003, which ruled that the employer's workers' compensation policy was properly canceled.

---

* Petitioner's reappearance before the Board has apparently been postponed pending a decision in this appeal.

In September 1995, claimant was injured and submitted a claim for workers' compensation benefits. The case was controverted by the workers' compensation carrier on the basis that the employer's policy had been canceled in June 1995 at the request of the premium finance agency. After numerous hearings spanning more than five years, a Workers' Compensation Law Judge determined that the employer's policy had not been properly canceled in accordance with Banking Law § 576 and that the finance agency and the carrier were estopped from denying the employer coverage since they had repeatedly accepted the employer's late payments without canceling the policy. The Workers' Compensation Board reversed that decision, prompting this appeal.

If authorized by a premium finance agreement, Banking Law § 576 (1) permits a premium finance agency to cancel an insured's policy for nonpayment if the insured and the insurance broker is provided with 10 days written notice—with three days for mailing—of its intent to cancel the contract unless the default is cured within the 10-day period (see Banking Law § 576 [1] [a]). If the insured fails to cure the default within that period, the finance agency may then cancel the insured's policy by mailing a notice of cancellation to both the carrier and the insured (see Banking Law § 576 [1] [d]). Here, there is no dispute that the premium financing agreement did provide for such cancellation. Moreover, the record establishes that after the employer defaulted on the April 12, 1995 payment, the finance agency mailed a notice of its intent to cancel to both the employer and the broker on April 17, 1995, establishing May 2, 1995 as the final date to cure the default. When the employer's payment was not received by May 4, 1995, the finance agency mailed a notice of cancellation on such date to the employer, broker and carrier, resulting in the cancellation of the policy pursuant to Workers' Compensation Law § 54 (5). Thus, under these circumstances, we find substantial evidence to support the Board's determination that the notice requirements of Banking Law § 576 were satisfied (see Crump v Unigard Ins. Co., 291 AD2d 692, 692 [2002], affd 100 NY2d 12 [2003]).

The Board's rejection of the employer's additional contention that the finance agency and carrier should be estopped from canceling the policy is similarly supported. "A carrier may be estopped from denying coverage where its conduct leads an employer to the reasonable belief that the policy is not canceled" (Matter of Frazer v Additional Personnel, 108 AD2d 948, 949 [1985] [citation omitted]). Here, there is ample evidence to support the determination that the finance agency's previous ac-

ceptance of other late payments, without consequence to the employer, did not estop it from validly canceling the policy upon the employer's subsequent default. Nor did the carrier's acceptance of a payment in September 1995—three months after the policy was canceled—reinstate the policy. With further substantial evidence supporting the Board's conclusion that it was unreasonable for the employer to rely on the insurance broker's unsubstantiated assurance that the carrier would not cancel the policy(*cf. Matter of Koc v Standard Boat Co.*, 301 AD2d 687, 687-688 [2003]; *compare Matter of Tavano v Tavano Enters.*, 227 AD2d 836 [1996], *lv dismissed* 88 NY2d 1018 [1996]; *Matter of Lachover v C&A Bldrs.*, 199 AD2d 658 [1993]), we find no basis upon which to disturb the determination rendered.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.