■ In the Matter of the Claim of OBDULIO VASQUEZ, Respondent, v RANFERI CONSTRUCTION CORPORATION et al., Respondents, and NEMAT HOMES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [836 NYS2d 307]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed December 29, 2005, which ruled that the State Insurance Fund was liable pursuant to Workers' Compensation Law § 56 for the payment of workers' compensation benefits to claimant.

Claimant filed a claim for workers' compensation benefits alleging that, in November 2002, he sustained an injury to his right knee when he slipped and fell while carrying construction materials. His employer, Ranferi Construction Corporation, the subcontractor on the job, and its workers' compensation carrier, NorGuard Insurance Company, controverted the claim on numerous grounds, including lack of coverage. Nemat Homes, Inc., the general contractor on the job, and its workers' compensation carrier, the State Insurance Fund, also contested the claim on several bases. After various hearings, a Workers' Compensation Law Judge subsequently established claimant's case, set an average weekly wage of $500 and determined that the Fund was liable pursuant to Workers' Compensation Law § 56 for payment of the benefits because Ranferi was uninsured at the time of the accident. Upon review, the Workers' Compensation Board found that Ranferi had not properly canceled its insurance, but nevertheless held the Fund liable on the basis that Ranferi and NorGuard had intended for the insurance to be canceled. Nemat and the Fund now appeal.

We reverse. To be sure, strict compliance with Workers' Compensation Law § 54 (5) is required for the effective cancellation of an insurance policy (*see Matter of Cruz v New Millennium Constr. & Restoration Corp.*, 17 AD3d 19, 23 [2005]; *Matter of Rue v Northeast Timber Erectors*, 289 AD2d 787, 788 [2001], *lv dismissed* 98 NY2d 671 [2002], *lv denied* 99 NY2d 503 [2002]). In accordance with Workers' Compensation Law § 54 (5), a notice of cancellation must be filed with the Board and served on the employer. The notice must contain a specified date of cancellation, which date must be at least 10 days after the notice is filed and served if the cancellation is for nonpayment of premiums, or at least 30 days after the notice is filed and served if the cancellation is for any other reason (*see* Workers' Compensation Law § 54 [5]).

Here, the record indicates that NorGuard issued a workers' compensation insurance policy to Ranferi, effective June 14,

2002 until June 14, 2003. Although NorGuard alleges that it sent notice to the Board on July 31, 2002 advising that, at the request of Ranferi, the policy had been canceled on July 22, 2002 with an effective date of cancellation of June 14, 2002, it is unclear if the Board ever received this notice and, in any event, it would have been deficient in that it failed to comply with the 10-day or 30-day time requirements set forth by Workers' Compensation Law § 54 (5). Moreover, retroactive cancellation is impermissible (*see Matter of Cruz v New Millennium Constr. & Restoration Corp., supra* at 21).

To the extent that the Board determined that it was sufficient that Ranferi and NorGuard had intended to cancel the insurance coverage, we disagree. The cases cited to and relied upon by the Board (*see Matter of Case v State Ins. Fund,* 72 NY2d 992 [1988]; *Matter of Koc v Standard Boat Co.,* 301 AD2d 687 [2003]) are plainly distinguishable.

In light of the foregoing, we conclude that the subject workers' compensation insurance policy, having not been properly canceled, was effective on the date of claimant's accident. Thus, Ranferi was insured by NorGuard at the relevant time and the Fund cannot be held liable pursuant to Workers' Compensation Law § 56 for payment of claimant's workers' compensation benefits.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.