■ In the Matter of the Claim of MEEGAN ESTES, Claimant, v METROPOLITAN WAREHOUSE, INC., Appellant, and STATE INSURANCE FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [855 NYS2d 756]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 7, 2006, which ruled that the State Insurance Fund is not liable for the payment of workers' compensation benefits to claimant.

The employer applied to the State Insurance Fund (hereinafter SIF) for workers' compensation coverage for 13 employees in March 2004. Shortly thereafter, when an audit revealed that the employer actually employed twice the number of employees as was indicated in the employer's application, SIF issued a revised bill reflecting a higher premium. By May 2004, having received no additional payments, SIF sent the employer a notice that its workers' compensation insurance policy would be cancelled the following month due to nonpayment of premium.

Claimant was injured while working for the employer in

October 2004 and, after receiving medical treatment, was informed that the employer did not have workers' compensation coverage. The employer's president, Shawn Frank, claimed that he was never notified that the policy had been cancelled. In addition, Frank claimed that he had been told that the employer owed approximately $20,000 which it would have to pay "to be caught up" on its workers' compensation coverage. The employer paid $20,854 to SIF in December 2004 and eventually procured less expensive workers' compensation coverage from another insurance company.

Following a hearing, a Workers' Compensation Law Judge determined that claimant had sustained an on-the-job injury and—in a later decision—found that, inasmuch as SIF had accepted the employer's payment of premium in December 2004 after having cancelled its workers' compensation policy, SIF was liable for the instant claim and was required to pay all outstanding medical bills. SIF applied for review, and the Workers' Compensation Board subsequently reversed the decision of the Workers' Compensation Law Judge, discharging SIF from liability. The employer now appeals.

The employer first contends that SIF's cancellation of the employer's workers' compensation policy was improper, requiring reversal of the Board's decision. "In order for cancellation of coverage to be effective, there must be strict compliance with the requirements of Workers' Compensation Law § 54 (5)" (*Matter of Rue v Northeast Timber Erectors*, 289 AD2d 787, 788 [2001], *lv dismissed* 98 NY2d 671 [2002], *lv denied* 99 NY2d 503 [2002] [citations omitted]; *see Matter of Vasquez v Ranferi Constr. Corp.*, 40 AD3d 1175, 1176 [2007]).

In May 2004, SIF—with notice to the Board—sent the employer a notice of cancellation by certified mail, return receipt requested, which stated that the policy would be cancelled effective June 13, 2004 unless the employer made a payment of $17,655 by that date. The receipt submitted by SIF indicates that the notice was in fact received by Walter Eldred, an employee of the employer. Frank testified that Eldred was an employee, but that any mail requiring a signature would have been forwarded to Frank or to the employer's comptroller. Although the employer had previously designated Tiffany Lucia, a former employee, to apply for its workers' compensation insurance coverage and to receive relevant notices on behalf of the employer (*see* Workers' Compensation Law § 54 [5] [second paragraph]), SIF learned in April 2004 that Lucia had left her position with the employer. Days later, when SIF informed Frank that due to the audit the policy premiums would be

increased and rebilled, it inquired whether "policy information [should] be sent to attention of another employee," but the record does not reflect that the employer made any attempt to provide SIF with an updated designated contact person or address. Moreover, although not required, SIF"s production of a return receipt proving the delivery of the May 2004 cancellation notice to the employer supports the finding that it strictly complied with the statutory requirements (*see* Workers' Compensation Law § 54 [5]; *compare Matter of Rue v Northeast Timber Erectors*, 289 AD2d 787, 789 [2001]; *Matter of Russell v Linens Plus, Linen Mill Outlet*, 188 AD2d 748, 749 [1992]), and properly cancelled the policy for nonpayment of premium.

Next, the Board properly determined that the doctrine of estoppel did not apply in this case. A workers' compensation carrier may be estopped from denying benefits where " 'its conduct leads an employer to the reasonable belief that the policy is not canceled' " (*Matter of Trojcak v Valiant Millwrighting & Warehousing, Inc.*, 17 AD3d 880, 881 [2005], *lv denied* 5 NY3d 717 [2005], quoting *Matter of Frazer v Additional Personnel*, 108 AD2d 948, 949 [1985]). After the policy had been cancelled in June 2004 for nonpayment of premium, SIF sent a notice to the employer in October 2004 advising that it had an outstanding balance of $20,854 and that "if payment is not received within ten days, it will be necessary to refer [the] account to a collection agency." The notice also advised that the employer would be ineligible to receive another insurance policy from SIF unless and until the arrears were paid in full. The employer submitted a check for $20,854 in December 2004, thereby paying in full the overdue balance on the policy cancelled in June. While Frank testified that he did so after having been led to believe by SIF employee Elaine Jones that such payment would have the employer "caught up" on its premiums for the previously-issued policy which would have the effect of reinstating it, SIF underwriter Judy Bellinger averred that the employer was aware that the prior policy had been cancelled and that the overdue payment was made in order to preserve the employer's future eligibility for workers' compensation coverage with SIF. Indeed, the May notice of cancellation expressly warned that "[a]ny payment [after the effective date of cancellation, i.e., June 13, 2004] *will not reinstate your policy*" (emphasis added). Also, the employer never paid policy premiums for that June to December period or received any notice or correspondence upon which to suppose that its cancelled policy had been reinstated. In addition, Bellinger pointed to correspondence between Jones and the employer that indicated that SIF and the employer had discussed an application for a new policy

in which Jones stated that "[i]f additional premium is due, that must be paid with a certified check before the new policy can be written," confirming that the employer could not have reasonably believed that its recent payment had reinstated the prior workers' compensation policy. As substantial evidence in the record supports the Board's decision, no basis exists to disturb it (*see Matter of Trojcak v Valiant Millwrighting & Warehousing, Inc.*, 17 AD3d at 881-882).

Cardona, P.J., Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.