### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 13, 2014                518261
_____

In the Matter of the Claim of
    JOSE BONILLA,
                    Respondent,

        v

COUNTRY ROTISSERIE OF
    RIVERHEAD,                          MEMORANDUM AND ORDER
                    Appellant,
        and

ROCHDALE INSURANCE COMPANY,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  October 16, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

                    _____


        Molander & Associates, Bohemia (Garth Molander of counsel),
for appellant.

        Stewart Greenblatt Manning & Baez, Syosset (Robert W.
Manning of counsel), for Rochdale Insurance Company, respondent.


                    _____


Lahtinen, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed March 14, 2013, which ruled, among other things, that the
employer's workers' compensation policy was properly canceled.

In November 2010, claimant was injured and submitted a claim for workers' compensation benefits.  The case was controverted by the workers' compensation carrier on the ground that the employer's policy had been canceled in August 2010 due to a failure of the employer to pay the premiums.  A Workers' Compensation Law Judge (hereinafter WCLJ) determined that the policy had not been properly canceled due to the carrier's failure to comply with the notice requirements of Workers' Compensation Law § 54 (5).  The carrier submitted an application and a supplemental application for full Workers' Compensation Board review.  The Board thereafter reversed the WCLJ's determination and found, among other things, that the policy had been properly canceled and that the employer was uninsured at the time of claimant's injury.  The employer now appeals.

To cancel a workers' compensation policy, a carrier must comply with Workers' Compensation Law § 54 (5), which requires, among other things, that written notice of cancellation be served on the employer (see Matter of Estes v Metropolitan Warehouse, Inc., 50 AD3d 1341, 1342 [2008]; Matter of Rue v Northeast Timber Erectors, 289 AD2d 787, 788 [2001], lv dismissed 98 NY2d 671 [2002], lv denied 99 NY2d 503 [2002]).  As relevant here, "[s]uch notice shall be served on the employer . . . by sending it by mail, by certified or registered letter, return receipt requested, addressed to the employer at his, her or its last known place of business; provided that, . . . if the employer be a corporation then notice may be given to any agent or officer of the corporation upon whom legal process may be served; and further provided that an employer may designate any person or entity at any address to receive such notice . . . and that service of notice at the address so designated upon the person or entity so designated by delivery or by mail, by certified or registered letter, return receipt requested, shall satisfy the notice requirement of this section" (Workers' Compensation Law § 54 [5]).

Here, the carrier sent the cancellation notice, by certified mail, return receipt requested, to the employer's chief executive officer, Rachel McAdam, at her home address on or about August 4, 2010, with an effective date of cancellation of August

18, 2010.[1]  McAdam's name and address are listed on the policy at issue here as the employer's address and, pursuant to the terms of the policy, any cancellation notice is to be mailed to McAdam at that address.  Notably, the employer had specifically requested that its address in relation to its insurance policy be changed from its place of business to McAdam's address in an endorsement to its original policy with the carrier's predecessor, and there is no proof in the record that the employer made any subsequent address changes with the carrier.[2]  Inasmuch as the carrier sent the notice by certified mail, return receipt requested, to the address designated by the employer, substantial evidence supports the Board's decision that the carrier complied with the requirements of Workers' Compensation Law § 54 (5) (see Matter of Frazer v Additional Personnel, 108 AD2d 948, 949 [1985]; Matter of Muszynski v Dennis Puricelli Masonry & Concrete, 92 AD2d 666, 667 [1983]).  Consequently, the decision will not be disturbed.

        Garry, Egan Jr., Lynch and Devine, JJ., concur.


        ORDERED that the decision is affirmed, without costs.




                        ENTER:

*Robert D Mayberger*

                        Robert D. Mayberger
                        Clerk of the Court

_____

        [1]  Claimant was injured on November 18, 2010.

        [2]  The endorsement was presented for the first time in the carrier's supplemental application for Board review and, therefore, was not before the WCLJ.  Contrary to the employer's contention, we find that the carrier presented a credible reason for failing to present the endorsement at the hearing and the Board did not abuse its discretion in considering it (see 12 NYCRR 300.13 [g]; Matter of Servidio v North Shore Univ. Hosp., 299 AD2d 685, 686 [2002]).