Stein, J.
Appeal from a decision of the Workers’ Compensation Board, filed May 31, 2013, which ruled, among other things, that claimant sustained a compensable injury and awarded workers’ compensation benefits.
Claimant filed a claim for workers’ compensation benefits for injuries sustained to his pelvis, left femur, neck and back while performing demolition work for the employer in November 2011. The workers’ compensation carrier raised issues as to its liability for coverage, asserting that information gleaned during the investigation of the incident revealed that the employer misrepresented the number of its employees for premium purposes. As such, the carrier maintained, among other things, that, pursuant to Workers’ Compensation Law § 52 (1) (d), the employer is deemed to have failed to secure compensation and, thus, the policy was canceled. Following a hearing, the Workers’ Compensation Law Judge established the work-related claim and awarded benefits, but denied the carrier’s request to develop the record in connection with the issue of coverage pursuant to Workers’ Compensation Law § 52 (1) (d). The Workers’ Compensation Board affirmed that decision, prompting this appeal.
Inasmuch as we find no reason to disturb the Board’s decision, we affirm. As noted by the Board, Workers’ Compensation Law § 52 relates to criminal and civil sanctions for an employer’s failure to secure compensation, not to whether the carrier is relieved of liability. The rights of recourse and cancellation of coverage, among other things, are set forth in Workers’ Compensation Law § 54 (5) (see Matter of Bonilla v Country Rotisserie of Riverhead, 122 AD3d 1035, 1035 [2014]). Here, there is no indication in the record that the carrier canceled the insurance contract in accordance with Workers’ Compensation Law § 54 (5), and even if the carrier could prove its allegation that Workers’ Compensation Law § 52 (1) (d) was violated by *1366 the employer, such allegation does not relieve the carrier of liability.
Peters, P.J., Garry, Egan Jr. and Devine, JJ, concur.
Ordered that the decision is affirmed, without costs.