■ In the Matter of the Claim of TAMI BITTERMAN, Respondent, v FRISCOS RESTAURANT, INC., et al., Respondents, and STATE INSURANCE FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 10, 1981, and from an amended decision, filed July 22, 1981. The State Insurance Fund (Fund), carrier for the injured claimant's employer, has appealed from a decision of the board which initially determined that the Fund's cancellation of the insurance policy failed to comply with subdivision 5 of section 54 of the Workers' Compensation Law in that it failed to request return receipt upon sending the cancellation by certified mail. In an amended decision filed July 22, 1981, the board modified its initial decision holding that there is a lack of sufficient proof to substantiate that the cancellation notice was sent with a return receipt request. This appeal ensued. The Fund relies upon a copy of a United States Post Office manifest extract dated July 24, 1979 which includes 14 addressees, but apparently covers only 13 pieces of mail, and its notice of cancellation sent to the board the same day. Respondent Uninsured Employers' Fund contends that the board correctly determined that there was a lack of sufficient proof to substantiate that the cancellation notice was sent with return receipt requested. We agree. In a case with a strikingly similar factual pattern, this court recently held that strict conformity with the statutory provisions for cancellation of a policy (Workers' Compensation Law, § 54, subd 5) is required, and that a mailing manifest which shows that a piece of certified mail was sent to the employer without proof in the record to substantiate that the notice was in fact sent, is insufficient (*Matter of Sarlo v Antona Trucking Co.,* 90 AD2d 611). The record contains no testimony to establish the Fund's office practice to insure the likelihood that a notice of cancellation is always properly addressed and mailed (*Nassau Ins. Co. v Murray,* 46 NY2d 828, 830). In this record, there is a colloquy between attorneys and the workers' compensation law judge, but no sworn testimony. We cannot say the board erred in determining that a lack of proof existed to substantiate the claim that a request for a certified mail return receipt was made. Decisions affirmed, with costs to respondent Uninsured Employers' Fund. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.