■ In the Matter of the Claim of Norman Muszynski, Respondent, v Dennis Puricelli Masonry & Concrete, Inc., et al., Respondents, and State Insurance Fund, Appellant. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 3, 1982.

Since the board applied the wrong standard in determining whether the carrier had effectively canceled its policy of workers' compensation insurance issued to the employer, its decision imposing liability on the carrier and discharging the Uninsured Employers Fund must be reversed. Pursuant to subdivision 5 of section 54 of the Workers' Compensation Law, an insurer's cancellation of its policy during the term of the policy is effective only upon filing of the notice of cancellation in the office of the chairman of the Workers' Compensation Board and service of the notice on the employer. "Such notice shall be served on the employer by delivering it to him or by sending it by mail, by certified or registered letter, return receipt requested, addressed to the employer at his or its last known place of business" (Workers' Compensation Law, § 54, subd 5). The carrier attempted to prove that it had served the required notice on the employer by certified mail, return receipt requested. The board found that the statutorily required notice to the employer was lacking solely on the basis of the carrier's failure to produce the return receipt. The statute, however, does not require that the insurer actually receive the return receipt; it requires only that the notice be sent "by certified or registered letter, return receipt *requested*" (Workers' Compensation Law, § 54, subd 5; emphasis added). The Uninsured Employers Fund contends that the board's decision should be affirmed since it can be sustained on other grounds, including the alleged insufficiency of the employer's proof of mailing. The grounds urged by the fund, however, relate to matters which should be passed on by the board in the first instance, in the exercise of its exclusive powers as finder of fact. Accordingly, the matter must be remitted to the board for further proceedings. Decision reversed, with costs to the carrier against the Uninsured Employers Fund, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.