■ In the Matter of the Claim of FRANCIS E. ADEBAHR, Respondent, v 3840 ORLOFF AVENUE CORPORATION et al., Respondents, and PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 9, 1983, as amended by decision filed July 10, 1984.

The issue here is whether a May 25, 1979 notice of cancellation of a policy of workers' compensation insurance issued to the employer by the carrier complied with the requirements of subdivision 5 of section 54 of the Workers' Compensation Law. The board determined that the carrier failed to lawfully cancel the employer's compensation insurance policy. We agree.

To be effective, a notice of cancellation must be "served on the employer by delivering it to him or by sending it by mail, by

certified or registered letter, return receipt requested" (Workers' Compensation Law, § 54, subd 5). Strict conformance with the statutory requirements is mandated (*Matter of Bitterman v Friscos Rest.,* 91 AD2d 810; *Matter of Sarlo v Antona Trucking Co.,* 90 AD2d 611; *Matter of Horn v Malchoff,* 276 App Div 683, 685, mot for lv to app den 301 NY 814). Here, it is undisputed that the carrier's notice of cancellation, effective June 14, 1979, was filed with the board on May 29, 1979. The carrier's underwriter testified that a notice of cancellation was sent to the employer by registered mail on May 25, 1979. To support this testimony, the carrier produced a return receipt bearing a postoffice stamp date of May 9, 1979, and an acknowledgment of receipt form dated May 29, 1979. Despite the obvious discrepancy between the date of the cancellation notice and the return receipt, the carrier contends that the May 9, 1979 notation was an error made by the post office and should have read May 29, 1979. A post-office representative testified that the stamp read May 9, 1979. Nonetheless, the carrier contends that since both the return receipt and the acknowledgment of receipt were identified by the same post-office certification number, timely notice was established. The argument must fail.

Although it is clear that the carrier is under no obligation to produce the return receipt (*Matter of Muszynski v Puricelli Masonry & Concrete,* 92 AD2d 666), the board could properly conclude that there was an insufficient nexus between the cancellation notice and the return receipt offered into evidence (cf. *Matter of Capron v Lecceardone,* 71 AD2d 753 [notice of cancellation received and return receipt signed as delivered on same date]). While the acknowledgment of receipt clearly refers to the return receipt, neither document refers back to the May 25, 1979 cancellation notice. The carrier's assertion of post-office error in marking the return receipt is simply a matter of conjecture. Moreover, the underwriter's testimony that a proper mailing was effected on May 25, 1979 merely presented a credibility question for the board. Nor is there testimony as to an established office procedure to confirm the likelihood of compliance. On this record, we cannot say that the board erred in concluding that the carrier failed to establish compliance with the statute.

Decision affirmed, with costs to respondents filing briefs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.