OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The requirements for the cancellation of workers’ compensation insurance coverage must be strictly observed
 
 (Matter of Conklin v Byram House Rest.,
 
 32 AD2d 582, 583,
 
 affd
 
 30 NY2d 657; Workers’ Compensation Law § 54 [5]). On the other hand, failure to establish strict compliance in the cancellation of a policy does not result in the automatic renewal of the policy in perpetuity, when the record discloses a course of conduct and intent by both the insured and the carrier not to renew subsequent to the policy expiration
 
 (see, Matter of Leide v Jacy Painting Co.,
 
 282 App Div 906, 907,
 
 lv denied
 
 306 NY 984;
 
 Matter of Pucci v Novel Lithographers,
 
 29 AD2d 590, 591). The latter is the case here. Thus, the Appellate Division is correct that the carrier is not liable
 
 (see, Matter of Barnes v Baker,
 
 30 AD2d 580 [Gabrielli, J.]).
 

 The president of Mattituck testified that he had not paid the premium on the State Insurance Fund policy since its expiration in September 1972, that he received and had actual notice of the policy cancellation years before the decedent’s death and that no effort to renew the policy or acquire a different policy was ever made. The State Insurance Fund witness presented a copy of the notice of cancellation filed with the Workers’ Compensation Board, but due to the destruction of Mattituck’s file in the ordinary course of business
 
 *994
 
 was unable to prove service of the notice on Mattituck. In light of the uncontroverted evidence that the policy was never renewed, the Fund’s failure to prove strict compliance with the cancellation requirements is without effect.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs, in a memorandum.