■ In the Matter of the Claim of JANE RUSSELL, Respondent, v LINENS PLUS, THE LINEN MILL OUTLET, INC., Respondent, and AETNA CASUALTY & SURETY COMPANY, Appellant. UNINSURED EMPLOYERS FUND, Respondent. WORKER'S COMPENSATION BOARD, Respondent.—Appeals from three decisions of the Workers' Compensation Board, filed November 19, 1987, October 17, 1990 and March 9, 1992.

The only issue raised on these appeals by the employer's workers' compensation insurance carrier is whether the Workers' Compensation Board erred in finding that the carrier was liable for coverage because it failed to prove that it canceled the employer's insurance policy pursuant to Workers' Compensation Law § 54 (5). The carrier contends that the Workers' Compensation Law Judge (hereinafter WCLJ) refused to allow introduction of computer records into evidence that would have proved compliance with the statute and would accept only the original return receipt as proof of compliance. The carrier also contends that the employer's testimony that notice of cancellation was never received is incredible as a matter of law and that, in any event, the policy at issue would have expired before the compensable event involved here and thus coverage should not be found.

Initially, we note that it is for the Board to determine credibility *(see, Matter of Smith v Bell Aerospace,* 125 AD2d 140) and we do not find error here in the Board's acceptance of the employer's testimony. A representative of the employer testified that he did not receive a notice of cancellation of the carrier's policy and thought that the insurance was in effect when claimant ended her employment in 1983. He further stated that he had paid the premium for 1981 and did not

remember if he had done so for 1982. The carrier presented testimony of its employee that, although its original records were destroyed after three years, pertinent information was retained in computer files which indicated that the policy was canceled October 15, 1981. The carrier's employee also testified that in the regular course of business cancellation would be by certified mail.

We find that the evidence presented by the carrier failed to meet its burden to prove compliance with Workers' Compensation Law § 54 (5). The sparse testimony by the carrier's employee was not sufficient to show that there was compliance with the statute *(see, Nassau Ins. Co. v Murray,* 46 NY2d 828; *Matter of Bitterman v Friscos Rest.,* 91 AD2d 810; *cf., Matter of Betances v Hexreed Indus.,* 141 AD2d 945) and, in any event, did not establish that a return receipt was requested as required by statute *(see, Matter of Bitterman v Friscos Rest., supra).* The carrier points to certain language by the WCLJ at the hearing in contending that the WCLJ would accept only the original return receipt as proof of statutory compliance. While the actual return receipt need not be produced *(see, Matter of Muszynski v Puricelli Masonry & Concrete,* 92 AD2d 666), our reading of the record indicates that the Board's decisions were more broadly based upon the carrier's failure to offer any sufficient evidence of compliance and not upon any failure to produce that particular document. Further, nothing in this record indicates that the carrier was precluded from introducing additional information in the form of testimony or computer-generated documentary evidence. Finally, we agree with the Board's conclusion that the carrier's reliance upon *Matter of Case v State Ins. Fund* (72 NY2d 992) is misplaced. The Court of Appeals in *Case* found that failure to prove service of a notice of cancellation of a policy upon an insured was unnecessary where there was uncontroverted evidence that the policy was never renewed and the "record discloses a course of conduct and intent by both the insured and the carrier not to renew subsequent to the policy expiration" *(supra,* at 993). Here, no such intent was shown. We have considered the carrier's other arguments and find them to be without merit.

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the decisions are affirmed, without costs.