■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellant, v DONJON MARINE CO., INC., Respondent. [664 NYS2d 599] —Order, Supreme Court, New York County (Stephen Crane, J.), entered October 7, 1996, which granted defendant's cross motion for partial summary judgment dismissing plaintiff's claims for insurance premiums allegedly due after October 28, 1991, and which conditionally granted plaintiff's motion to strike defendant's answer unless defendant responded to plaintiff's discovery demands, as limited by the court to the period preceding October 28, 1991, unanimously reversed, to the extent appealed from, on the law, without costs, the motion granted to the further extent that defendant's answer is stricken unless defendant responds to plaintiff's discovery demands as set forth herein, and the cross motion denied.

Plaintiff, Commissioners of the State Insurance Fund (SIF), commenced this action seeking unpaid insurance premiums in the sum of $281,634.97 allegedly due from defendant Donjon Marine Co., Inc. (Donjon). The policy issued by SIF was a Workers' Compensation and Employers Liability Insurance policy, and Donjon had fallen into substantial arrears for premiums due between December 1990 and June 1992. In the course of the litigation, plaintiff sought to compel disclosure of Donjon's books and records as a basis for determining the actual premiums due. Donjon cross-moved for partial summary judgment seeking dismissal of any claim for premiums due after October 28, 1991, asserting that the policy was cancelled on that date.

In support of its claim that the policy was cancelled, Donjon offers an "informational letter," dated September 11, 1991, from the Central Cancellation Unit of the Workers' Compensation Board to Donjon. The Board states in the letter that it had been notified that Donjon's Workers' Compensation insurance policy was "about to be cancelled or not renewed," and cautioned that the law required that Workers' Compensation be obtained for all employees. Apparently believing its policy with SIF was expiring, Donjon obtained another Workers' Compensation insurance policy from a separate carrier, Liberty Mutual.

In opposition to the cross motion and in support of its claim that the policy had been reinstated by Donjon, SIF submitted a handwritten note on an internal SIF form, referencing the Donjon policy number, which stated: "9690 to reinstate—will make terms on audit—part of audit in dispute." The note was

dated September 11, 1991 and was initialized by an unidentified person. Additionally, on October 16, 1991, Donjon sent a check for $9,690 to SIF. It is unclear whether this payment was to satisfy arrears, as Donjon argues, or was to reinstate the policy, as SIF claims.

The IAS Court granted the cross motion to dismiss SIF's claims for premiums allegedly due after October 28, 1991. It determined that the policy had been cancelled, effective October 28, 1991, pursuant to the "notice of cancellation from SIF dated September 11, 1991." The court further found that the handwritten note was insufficient to support SIF's contention that the policy had been reinstated. It also found that SIF was entitled to the discovery it requested, but limited it to the period before October 28, 1991.

The IAS Court's conclusion that the policy had been cancelled as of October 28, 1991, as a matter of law, was error. The court's reliance on the purported "notice of cancellation from SIF" was mistaken since that letter was sent by the Workers' Compensation Board, a totally separate entity from SIF. The correspondence, by its own terms, was merely an "informational letter," which was sent by a non-party to the insurance contract. As the record now stands, there is no proof that any notice of cancellation was sent to Donjon.

Moreover, the September 11, 1991 letter from the Board clearly did not meet the strict notice requirements for the cancellation of an insurance policy under Workers' Compensation Law § 54 (5) (*see, Matter of Case v State Ins. Fund*, 72 NY2d 992, 993). That section provides that the cancellation of a Workers' Compensation insurance policy by an insurance carrier for non-payment of premiums "shall not be effective until at least ten days after a notice of cancellation of such contract, on a date specified in such notice, shall be filed in the office of the chair and also served on the employer."* The notice must be delivered to the employer or mailed to its last known place of business. Absent strict compliance with the statutory requirements, coverage is deemed to have continued (*see, Matter of Zapata v DRI, Ltd.*, 195 AD2d 684, 685; *Matter of Caldas v 86 Alda Rest.*, 167 AD2d 594; *cf., Matter of Case v State Ins. Fund, supra*). In the present case, SIF provided no

---

* Cancellation may also be effective if "the employer has secured insurance with another insurance carrier which becomes effective prior to the expiration of the time stated in such notice" (Workers' Compensation Law § 54 [5]). While Donjon did secure insurance from another carrier here, cancellation in this manner still requires the service of a notice of cancellation in the first place.

notice of cancellation to Donjon prior to the alleged expiration date of October 28, 1991.

As the cross movant for partial summary judgment, it was Donjon's burden to make a prima facie showing of its entitlement to judgment as a matter of law by eliminating all material issues of fact from the case (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), and the failure to make this showing requires denial of the motion regardless of the sufficiency of the opposing papers (*supra*). Since no prima facie showing of cancellation has been made, the IAS Court should have denied the motion without reference to the quality of plaintiff's proof that the policy was reinstated.

In the light of the above disposition, the IAS Court's limitation on plaintiff's right to discovery must also be vacated. Accordingly, Donjon's answer is stricken unless within 30 days after service of a copy of this order with notice of entry, Donjon responds to SIF's discovery demands. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.