■ In the Matter of the Claim of JOHN L. RUE, Respondent, v NORTHEAST TIMBER ERECTORS, INC., et al., Respondents, and MERCHANTS MUTUAL INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [734 NYS2d 682] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed August 8, 2000, which ruled that Merchants

Mutual Insurance Company was the employer's workers' compensation carrier on the date of claimant's accident.

The only issue raised on this appeal is whether Merchants Mutual Insurance Company (hereinafter the carrier) properly cancelled its workers' compensation insurance policy with claimant's employer, Northeast Timber Erectors, Inc. (hereinafter NETE), prior to claimant's accident on July 7, 1995. Following extensive hearings, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that the employer's workers' compensation insurance coverage was not properly terminated as the carrier failed to comply with the notice of cancellation procedure set forth in Workers' Compensation Law § 54 (5). The Workers' Compensation Board affirmed the ruling of the WCLJ and the carrier now appeals, contending that the decision was arbitrary and capricious and the policy was properly cancelled prior to the date of the accident.

Initially, we note that the standard of our review on this appeal is one of substantial evidence (*see, Matter of Sullivan v Zerwick Food Corp.*, 97 AD2d 584). In order for cancellation of coverage to be effective, there must be strict compliance with the requirements of Workers' Compensation Law § 54 (5) (*see, Matter of Zapata v DRI, Ltd.*, 195 AD2d 684; *Matter of Adebahr v 3840 Orloff Ave. Corp.*, 106 AD2d 770, 771). We find that the evidence presented by the carrier failed to meet its burden to prove strict compliance with the statute and, therefore, coverage was provided to NETE on the date of the accident. The carrier filed a notice of issuance of new policy with the Board on January 5, 1995, indicating a coverage period for NETE effective May 6, 1994 through May 6, 1995. On February 2, 1995, a notice of cancellation was sent to NETE, certified mail, and on February 7, 1995 a notice of cancellation was filed with the Board stating that NETE's policy for the period May 6, 1994 to May 6, 1995 was cancelled effective February 26, 1995 for nonpayment of premiums. Thereafter, on February 13, 1995, the carrier filed two additional notices with the Board. The first notice was a notice of cancellation indicating that NETE's policy for the period May 6, 1994 to May 6, 1995 was cancelled effective March 24, 1995 because the carrier was "[a]mending policy effective date and expiration date only." The second notice was a notice of reinstatement of the policy indicating that the policy to be cancelled effective March 24, 1995 was reinstated effective March 24, 1995 and provided coverage between October 11, 1994 and October 11, 1995. The carrier contends that the February 7, 1995 notice of cancellation was effective to cancel the policy and that the subsequent

notices were merely administrative corrections with respect to the cancelled policy. These arguments are unpersuasive.

The initial attempt to cancel coverage was ineffective since the carrier failed to establish that it requested a return receipt when it sent the notice of cancellation by certified mail. The documentary evidence consisted solely of the carrier's own receipt for purchasing certified mail, but no evidence that a return receipt was requested. Additionally, NETE's office manager testified that he neither received notice of cancellation nor signed for any certified mail from the carrier. Although a carrier is not required to maintain or produce a return receipt obtained in conjunction with the mailing of a notice of cancellation (*see, Matter of Muszynski v Puricelli Masonry & Concrete*, 92 AD2d 666, 667), the failure of the carrier to establish that it requested a return receipt, as required by Workers' Compensation Law § 54 (5), supports a finding that the carrier failed to establish strict compliance with the statute (*see, Matter of Russell v Linens Plus*, 188 AD2d 748, 749). In the absence of evidence demonstrating compliance with the statutory requirement, the Board's determination that the carrier failed to sustain its burden of proving that it complied with the statute must be affirmed. The resolution of conflicting evidence and determinations of the credibility of the various witnesses are matters to be determined by the Board (*see, Matter of Lazier v Zawaski*, 92 AD2d 689, 689-690), and will not be disturbed absent clear indication of error.

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.