*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521600
_____

In the Matter of the Claim of
    NERISSA CRAIG,
                        Claimant,
        v

LEATHERSTOCKING HEALTHCARE,
    LLC, et al.,
                        Respondents,
        and                                    MEMORANDUM AND ORDER

WESCO INSURANCE COMPANY, Care
    of AM TRUST NORTH AMERICA,
                        Appellant.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  March 24, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Gitto & Niefer, LLP, Binghamton (Jason M. Carlton of
counsel), for appellant.

        Sullivan Keenan Oliver & Violando LLP, Albany (Michael J.
Keenan of counsel), for Leatherstocking Healthcare LLC,
respondent.

        Uninsured Employers' Fund, Schenectady (Victoria Plotsky of
counsel), for Uninsured Employers' Fund, respondent.

_____

Clark, J.

Appeal from a decision of the Workers' Compensation Board, filed December 29, 2014, which ruled that the employer's workers' compensation carrier was responsible for claimant's claim.

Claimant filed a claim for workers' compensation benefits alleging that she sustained a work-related injury to her back in May 2012. The employer's alleged workers' compensation carrier controverted coverage on the basis that it had canceled the employer's policy in January 2012 for nonpayment of premiums. Following a hearing, a Workers' Compensation Law Judge determined that the carrier's cancellation of the policy was without effect because it had failed to strictly comply with the notice requirements of Workers' Compensation Law § 54 (5) and that, therefore, its coverage of the employer continued through the date of claimant's injury. The Workers' Compensation Board affirmed, prompting this appeal.

To effectuate the cancellation of a workers' compensation insurance policy, a carrier must strictly comply with the notice requirements of Workers' Compensation Law § 54 (5) (see Matter of Case v State Ins. Fund, 72 NY2d 992, 993 [1988]; Matter of Estes v Metropolitan Warehouse, Inc., 50 AD3d 1341, 1342 [2008]; Matter of Rue v Northeast Timber Erectors, 289 AD2d 787, 788 [2001], lv dismissed 98 NY2d 671 [2002], lv denied 99 NY2d 503 [2002]). As relevant here, Workers' Compensation Law § 54 (5) requires a workers' compensation carrier to serve notice of cancellation of an insurance contract upon an employer "by delivering it to him, her or it or by sending it by mail, by certified or registered letter, return receipt requested, addressed to the employer at his, her or its last known place of business." To establish compliance with the statute, the carrier is not required to produce the return receipt; rather, the carrier need only demonstrate that it requested a return receipt (see Matter of Rue v Northeast Timber Erectors, 289 AD2d at 789; Matter of Russell v Linens Plus, Linen Mill Outlet, 188 AD2d 748, 749 [1992]; Matter of Muszynski v Puricelli Masonry & Concrete, 92 AD2d 666, 667 [1983]).

At the hearing, the carrier produced the notice of cancellation that it allegedly sent to the employer, which indicated an effective cancellation date of February 9, 2012, a mailing manifest showing that the carrier paid $4.40 to send an article of mail to the employer in Herkimer, New York — $1.15 of which was required to send the article by "ERR" — and a United States Postal Service "[t]rack and [c]onfirm" notice demonstrating that that same article of mail was delivered to an address in Herkimer, New York by first class mail on January 30, 2012. The carrier also submitted a Workers' Compensation Board investigator's report stating, among other things, that the Board had received notice of cancellation of the employer's policy on January 30, 2012. In addition, Christopher Coons, an underwriter for the carrier, testified that the carrier sent the notice of cancellation to the employer by certified mail, return receipt requested, and that the mailing manifest and the "[t]rack and [c]onfirm" notice demonstrated that the notice of cancellation was mailed and delivered to the employer. He explained that the carrier's practice was to submit its mailing requests electronically, including those sent by certified mail, return receipt requested, and that, as a result, it would not have received a physical return receipt. Contrary to the Board's conclusion, Coons' uncontroverted testimony and the supporting documentary evidence was sufficient to demonstrate that the carrier complied with the notice requirements of Workers' Compensation Law § 54 (5) and effectively canceled the employer's policy in February 2012 (compare Matter of Russell v Linens Plus, Linen Mill Outlet, 188 AD2d at 749; Matter of Bitterman v Friscos Rest., 91 AD2d 810, 810 [1982]). Thus, the Board's determination that the carrier continued to cover the employer through the date of claimant's injury in May 2012 is not supported by substantial evidence.

In light of our determination, we need not reach the remaining contentions raised by the carrier.

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court