Garry, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed April 22, 2016, which ruled that the employer’s workers’ compensation carrier was responsible for claimant’s claim.
 

 Claimant filed a claim for workers’ compensation benefits based on allegations that he injured his head, neck and back in a work accident in July 2014. In its report of the accident, the employer acknowledged that the injuries were work-related. In June 2015, a hearing was held on the issue of whether the employer’s one-time workers’ compensation carrier had effectively canceled the employer’s policy prior to the accident due to the nonpayment of premiums or whether the policy remained in effect at the time of the accident due to the carrier’s failure to comply with the notice requirements of Workers’ Compensation Law § 54 (5). A Workers’ Compensation Law Judge determined that the carrier remained liable for claimant’s claim because it had not properly canceled the employer’s policy. The Workers’ Compensation Board affirmed finding that the carrier had produced insufficient proof to establish a nexus between its cancellation notice and its proof of mailing. This appeal ensued.
 

 “The requirements for the cancellation of workers’ compensation insurance coverage must be strictly observed” (Matter of Case v State Ins. Fund, 72 NY2d 992, 993 [1988] [citation omitted]; see Matter of Estes v Metropolitan Warehouse, Inc., 50 AD3d 1341, 1342 [2008]). Pursuant to Workers’ Compensation Law § 54 (5) and as relevant here, “[w]hen cancellation is due to non-payment of premiums and assessments, such cancellation shall not be effective until at least [10] days after a notice of cancellation of such contract, on a date specified in such notice, shall be filed in the office of the chair and also served on the employer.”
 
 *
 
 The statute further provides that “[s]uch notice shall be served on the employer by delivering it to him, her or it or by sending it by mail, by certified or registered letter, return receipt requested, addressed to the employer at his, her or its last known place of business” (Workers’ Compensation Law § 54 [5]). The carrier has the burden of establishing its compliance in regard to notice of cancellation of coverage (see Matter of Rue v Northeast Timber Erectors, 289 AD2d 787, 788 [2001], lv dismissed 98 NY2d 671 [2002], lv denied 99 NY2d 503 [2002]). A reviewing court will not substitute its judgment for that of the Board if the Board’s conclusion is one that “a reasonable mind might accept as adequate” (Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 304 NY 65, 71 [1952]; accord Matter of Scuderi v Mazzco Enters., 139 AD3d 1138, 1139 [2016]).
 

 At the hearing, the carrier produced a letter providing notice of cancellation of the policy to the employer. The letter was dated January 15, 2014 and notified the employer that the policy was being canceled, due to the nonpayment of premiums, effective January 31, 2014. The letter included a header identifying the owner and president of the employer and the employer’s address. The carrier also produced a record of a “certified mail . . . receipt” from the United States Postal Service (hereinafter USPS) that specified that an item was sent to the employer, and the same receipt contained the notation “eff. 1/31/14.” A USPS “[p]roduct [t]racking & [Reporting” record reflects that the mailing with the same tracking number as this receipt was signed for by the owner and president of the employer on January 25, 2014. Although the image capturing the acknowledgment of receipt does not reflect the entirety of the address at which the item was delivered, it reflects a street address that is identical to that of the employer’s. Further records from USPS explicitly identify the tracked item as being delivered at the city, state and zip code of the employer. Thus, considered as a whole, the record contains uncontraverted proof that the mailed item was correctly addressed and sent by certified mail, return receipt requested, to the employer.
 

 Further, the notation on the USPS receipt referencing the same effective cancellation date as set forth in the notice of cancellation establishes that the mailed item was that notice (compare Matter of Bitterman v Friscos Rest., 91 AD2d 810, 810 [1982]). Accordingly, we find the Board’s determination that the carrier failed to meet its burden of establishing the nexus between its notice of cancellation and its mailing proof is not supported by substantial evidence (see Matter of Craig v Leatherstocking Healthcare, LLC, 139 AD3d 1217, 1218-1219 [2016]).
 

 Peters, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
 

 Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.
 

 *
 

 It is uncontested that the carrier’s notice of cancellation was properly filed with the Board.