Matter of Mendez v TGA Constr., LLC (2022 NY Slip Op 05569)

Matter of Mendez v TGA Constr., LLC

2022 NY Slip Op 05569

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

533982
[*1]In the Matter of the Claim of Henry G. Lopez Mendez, Claimant,
v
TGA Construction, LLC, Respondent, and Merchants Mutual Insurance Company, c/o Merchants Insurance Group, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:September 13, 2022

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Goldberg Segalla, Buffalo (Adam R. Durst of counsel), for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed February 19, 2021, which ruled that the employer's workers' compensation carrier was responsible for claimant's claim.
On July 31, 2018, claimant was severely injured when he fell from scaffolding while working for the employer. Following the filing of his claim for workers' compensation benefits, a hearing was held to determine whether the employer's workers' compensation carrier had effectively canceled the employer's policy prior to the accident due to the nonpayment of premiums pursuant to Workers' Compensation Law § 54 (5). A Workers' Compensation Law Judge (hereinafter WCLJ) determined that the carrier had effectively canceled the employer's policy prior to the date of the accident and the carrier was discharged. In a subsequent decision, the WCLJ further determined, among other things, that the employer was uninsured at the time of the accident. In a decision filed on March 17, 2020, a panel of the Workers' Compensation Board affirmed the WCLJ's decisions and the Uninsured Employer's Fund applied for reconsideration and/or full Board review. Full Board review was granted, and the full Board rescinded the Board panel's March 2020 decision and directed that "the case be referred to the Board panel for further consideration." Consistent with that directive, the Board panel — by decision filed February 19, 2021 — found that the carrier had failed to effectively cancel the employer's policy and, therefore, the carrier was the liable carrier for the employer at the time of claimant's accident. The carrier appeals.
We affirm. Initially, we reject the carrier's contention that the Board panel improperly reversed its prior decision in the absence of new evidence. Although the carrier relies on Matter of Charles A. Field Delivery Serv. (Roberts) (66 NY2d 516 [1985]), that case "requires an agency to conform to its precedent in deciding other cases which share factual similarity" but "does not apply to the situation where the Board is expressly authorized, on full Board review, to rescind or otherwise modify a Panel decision" (Matter of Gullo v Southern Erie Clinical Servs., 258 AD2d 689, 691 [3d Dept 1999]; see Workers' Compensation Law §§ 23, 123).
Turning to the merits, "[t]he requirements for the cancellation of workers' compensation insurance coverage must be strictly observed" (Matter of Case v State Ins. Fund, 72 NY2d 992, 993 [1988]; accord Matter of Osorio v M & L Express, Inc., 155 AD3d 1167, 1168 [3d Dept 2017]). As relevant here, "[w]hen cancellation is due to non-payment of premiums and assessments, such cancellation shall not be effective until at least [10] days after a notice of cancellation of such contract, on a date specified in such notice, shall be filed in the office of the chair and also served on the employer" (Workers' Compensation Law § 54 [5] [a]). Further, "[s]uch notice shall be served on the employer by delivering it to him, her or it or by sending it [*2]by mail, by certified or registered letter, return receipt requested, addressed to the employer at his, her or its last known place of business" (Workers' Compensation Law § 54 [5] [a]). "The carrier has the burden of establishing its compliance in regard to notice of cancellation of coverage" and "[a] reviewing court will not substitute its judgment for that of the Board if the Board's conclusion is one that 'a reasonable mind might accept as adequate'" (Matter of Osorio v M & L Express, Inc., 155 AD3d at 1168, quoting Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 304 NY 65, 71 [1952]; see Matter of Scuderi v Mazzco Enters., 139 AD3d 1138, 1139 [3d Dept 2016]).
To that end, the carrier produced a letter that provided notice of cancellation of the policy for non-payment addressed to the employer dated July 13, 2018, with the cancellation being effective July 30, 2018.[FN1] The letter did not indicate that it was sent certified mail, return receipt requested. The carrier further produced a window envelope that it maintains was used to mail the notice of cancellation to the employer. The envelope has a certified mail sticker attached that has a tracking number and indicates that it was mailed by the carrier from its Buffalo office on July 13, 2018. The envelope does not indicate that it was sent return receipt requested and it does not contain the employer's name or address, or any recipient's name or address. The carrier also submitted two U.S. Postal Service manifests as evidence of its compliance with the statutory requirements. However, one manifest merely confirms that one piece of mail was sent by the carrier to the employer's zip code on July 13, 2018, with no reference to the employer or its address, and the other manifest indicates that the envelope in question was mailed by the carrier to an unidentified address in the employer's town and zip code on July 13, 2018 and that, after an unsuccessful delivery attempt was made on July 16, 2018, the envelope was eventually returned to the carrier as unclaimed on August 16, 2018. Although the carrier's regional underwriter manager testified that the envelope in question contained the notice of cancellation and that "[i]t would have been sent certified mail return receipt" to the employer, he also testified that he does not work in the Buffalo office and that he did not personally place the notice of cancellation in the envelope.[FN2]
"It is well settled that the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Salas v Tom Cat Bakery, Inc., 193 AD3d 1225, 1227 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Czachurski v PAL Envtl., 189 AD3d 1866, 1867 [3d Dept 2020]). Under these circumstances, we find that substantial evidence supports the Board's determination that the proof submitted by the carrier was insufficient to establish [*3]a nexus between its cancellation notice and its proof of mailing so as to satisfy the statutory requirements for canceling the employer's policy (see Matter of Laird v All Pro Air Delivery, Inc., 45 AD3d 924, 925 [3d Dept 2007]; Matter of Russell v Linens Plus, Linen Mill Outlet, 188 AD2d 748, 749 [3d Dept 1992]; Matter of Bitterman v Friscos Rest., 91 AD2d 810, 810 [3d Dept 1982]; compare Matter of Osorio v M & L Express, Inc., 155 AD3d at 1168-1169; Matter of Craig v Leatherstocking Healthcare, LLC, 139 AD3d 1217, 1218-1219 [3d Dept 2016]). The carrier's remaining contentions, to the extent not specifically addressed, have been considered and found to be lacking in merit.
Garry, P.J., Egan Jr., Clark and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The employer's owner testified that he was not informed that the policy had been cancelled until a month after the accident.

Footnote 2: Contrary to the carrier's contention, this proof was insufficient to establish office practice and procedure so as to invoke the presumption of regularity (see Elia v Highland Cent. Sch. Dist., 78 AD3d 1265, 1267 [3d Dept 2010]; Matter of Sarlo v Antona Trucking Co., 90 AD2d 611, 611 [3d Dept 1982]).