Matter of Ceja v Manetta Enters., Inc. (2023 NY Slip Op 00139)

Matter of Ceja v Manetta Enters., Inc.

2023 NY Slip Op 00139

Decided on January 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023

534593
[*1]In the Matter of the Claim of Pablo Figueroa Ceja, Claimant,
v
Manetta Enterprises, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:December 15, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Walsh and Hacker, Albany (Jeffrey M. Fox of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed June 10, 2021, which ruled that the State Insurance Fund was liable for the payment of compensation benefits to claimant.
Claimant, a laborer, filed a claim for workers' compensation benefits alleging that, while working for Manetta Enterprises, Inc. in June 2019, he slipped on a wet surface and sustained injuries. The State Insurance Fund (hereinafter SIF) controverted coverage on the basis that it had canceled its policy with Manetta in November 2018 for nonpayment of premiums. Following a hearing to determine, among other things, the proper carrier, the Workers' Compensation Law Judge (hereinafter WCLJ) determined, among other things, that SIF had not effectively canceled its policy with Manetta and, therefore, was the liable carrier for the instant claim. Upon administrative appeal, the Workers' Compensation Board, with one Board member dissenting, affirmed the WCLJ's decision. Following a mandatory review, the full Board, by decision filed June 10, 2021, upheld the WCLJ's decision. This appeal from the full Board decision ensued.
We affirm. In order to effectively cancel a workers' compensation insurance policy, the carrier must strictly comply with Workers' Compensation Law § 54 (5) (see Matter of Case v State Ins. Fund, 72 NY2d 992, 993 [1988]; Matter of Vasquez v Ranferi Constr. Corp., 40 AD3d 1175, 1176 [3d Dept 2007]). To that end, when service is by mail, Workers' Compensation Law § 54 (5) requires that the carrier serve a notice of cancelation on the employer addressed to the employer at the employer's place of business. "The carrier has the burden of establishing its compliance in regard to notice of cancellation of coverage and a reviewing court will not substitute its judgment for that of the Board if the Board's conclusion is one that a reasonable mind might accept as adequate" (Matter of Mendez v TGA Constr., LLC, 209 AD3d 1078, 1080 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]).
As requested in the application for workers' compensation insurance coverage, the insurance policy at issue insured two entities — Manetta and Manco Enterprises of NY, Inc. — in one single policy. Manetta and Manco shared an address but were separate corporate entities. Due to nonpayment of premiums, SIF sent a certified notice of cancelation of the policy addressed to Manco, which referenced that the policy cancelation also applied to Manetta. The carrier admittedly did not separately serve Manetta with a notice of cancelation addressed to it. The carrier maintains, however, that because the entities share an address and appear to be interrelated since one owner is listed for both, service upon Manco was sufficient to cancel the policy as to both entities. We disagree. The statute specifically provides that service of the notice of cancellation must be addressed to each entity and provides no exception where the entities share an address or ownership. Further[*2], although Workers' Compensation Law § 54 (5) (a) permits "the designation of one person or entity to receive notice [of cancellation] on behalf of multiple entities insured under one insurance policy," no specific person or entity was so designated in the insurance application or elsewhere. As such, it was incumbent upon SIF, in accordance with the requirements of Workers' Compensation Law § 54 (5) (a), to serve a separate notice of cancelation addressed to Manetta.
Given that SIF did not satisfy the notice of cancellation requirements in accordance with Workers' Compensation Law § 54 (5) (a) with respect to Manetta, there is no basis to disturb the Board's decision (see Matter of Zapata v DRI, Ltd., 195 AD2d 684, 684 [3d Dept 1993]). To the extent that SIF asserts that claimant is an employee of Manco, whose policy was properly canceled, and not Manetta as testified to by claimant, this issue is not properly before this Court as SIF did not challenge claimant's employment status upon administrative appeal or upon full Board review (see Matter of Middleton v Coxsackie Corr. Facility, 38 NY2d 130, 132-133 [1975]; Matter of Osorio v M & L Express, Inc., 155 AD3d 1167, 1168 [3d Dept 2017]).
Garry, P.J., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.