Matter of Guevara v Greenvelvet Tree, Inc. (2023 NY Slip Op 00910)

Matter of Guevara v Greenvelvet Tree, Inc.

2023 NY Slip Op 00910

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

535062 
[*1]In the Matter of the Claim of Wilfredo A. Guevara, Claimant,
v
Greenvelvet Tree, Inc., Respondent, and State Insurance Fund, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:January 11, 2023

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ. 

David F. Wertheim, State Insurance Fund, Albany (Susan B. Marris of counsel), for appellant.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

Pritzker, J.
Appeal from an amended decision of the Workers' Compensation Board, filed August 30, 2021, which ruled, among other things, that the State Insurance Fund did not properly cancel the workers' compensation insurance policy issued by it to the employer.
After he sustained various injuries while driving to a job site in August 2019, claimant filed a claim for workers' compensation benefits and listed an entity identified as Greenvelvet Tree, Inc. as his employer. The claim subsequently was established for injuries to claimant's neck, back and right shoulder, and claimant resigned and began working for another employer in October 2019.
Approximately one month before claimant's accident, the State Insurance Fund (hereinafter SIF), which began providing workers' compensation insurance coverage to Green Velvet Landscaping Inc. in 2004, notified that entity that it was canceling its coverage effective July 31, 2019 for nonpayment of premiums. The notice of cancellation, which apparently was sent by certified mail, return receipt requested, indicated that the notice also applied to Greenvelvet Tree. Although Greenvelvet Tree apparently was added at some point as an additional insured under the policy issued by SIF, the record does not reflect precisely when that entity was added as an additional insured, nor is that entity listed as an additional employer on the application for insurance filed in 2004. Partial payments were tendered both before and after the effective cancellation date and, in the interim, the Workers' Compensation Board advised Greenvelvet Tree that it had no record of workers' compensation coverage for that entity on the date of claimant's accident and demanded documentation of same.
Following an investigation, various hearings, intervening decisions by the Workers' Compensation Law Judge and the Board and administrative review, the Board issued an amended decision finding, among other things, that SIF failed to cancel the subject policy with respect to Greenvelvet Tree and that SIF remained the carrier responsible for the underlying claim. SIF appeals from the Board's amended decision.
We affirm. "To effectuate the cancellation of a workers' compensation insurance policy, a carrier must strictly comply with the notice requirements of Workers' Compensation Law § 54 (5)" (Matter of Craig v Leatherstocking Healthcare, LLC, 139 AD3d 1217, 1218 [3d Dept 2016] [citations omitted]; see Matter of Mendez v TGA Constr., LLC, 209 AD3d 1078, 1080 [3d Dept 2022]; Matter of Osorio v M & L Express, Inc., 155 AD3d 1167, 1168 [3d Dept 2017]). As relevant here, Workers' Compensation Law § 54 (5) (a) requires a workers' compensation carrier to serve the notice of cancellation upon "the employer by delivering it to him, her or it or by sending it by mail, by certified or registered letter, return receipt requested, addressed to the employer at his, her or its last known place of business" (see Matter of Mendez v TGA Constr., LLC, 209 AD3d at 1080). In the event that the employer is a corporation, the statute provides that "notice may be given to any agent or officer of the corporation upon whom legal process may be served . . . and . . . that an employer may designate any person or entity at any address to receive such notice including the designation of one person or entity to receive notice on behalf of multiple entities insured under one insurance policy" (Workers' Compensation Law § 54 [5] [a]). Absent strict compliance with the statute, coverage is deemed to continue (see Commissioners of State Ins. Fund v Donjon Mar. Co., 244 AD2d 216, 217 [1st Dept 1997]; Matter of Zapata v DRI, Ltd., 195 AD2d 684, 684 [3d Dept 1993]). "The carrier has the burden of establishing its compliance in regard to notice of cancellation of coverage[,] and a reviewing court will not substitute its judgment for that of the Board if the Board's conclusion is one that a reasonable mind might accept as adequate" (Matter of Mendez v TGA Constr., LLC, 209 AD3d at 1080 [internal quotation marks, brackets and citations omitted]).
Substantial evidence supports the Board's finding that SIF did not properly cancel the workers' compensation policy with respect to Greenvelvet Tree. The application for insurance completed by Keith Forrester — the president of both Greenvelvet Tree and Green Velvet Landscaping — listed only Green Velvet Landscaping as the insured employer, and there is no question that the two companies are separate corporate entities. Although such application contemplated that the policy could cover more than one employer and instructed the applicant to attach a separate sheet of paper listing the names of all covered employers, no attachment was included and no mention of Greenvelvet Tree was made. As noted previously, the parties do not dispute that Greenvelvet Tree was added as an additional insured under the workers' compensation policy issued by SIF, but the record is silent as to when this occurred. Similarly, although Forrester was designated on the insurance application as the individual authorized to receive notice upon behalf of all insureds, Green Velvet Landscaping was the only named insured when the application was completed in 2004, and the record does not document that Forrester subsequently was authorized to receive notice upon behalf of Greenvelvet Tree. Finally, the record reflects that SIF sent a single notice of cancellation to Green Velvet Landscaping, which stated that the policy cancellation also applied to Greenvelvet Tree.
Although SIF argues that, because the two entities shared an address, service upon Green Velvet Landscaping was sufficient to cancel the policy as to both entities, we disagree. Absent evidence that either Forrester or Green Velvet Landscaping was authorized to receive notice on behalf of Greenvelvet Tree, the mere fact that the two entities shared an address or that Forrester had an ownership interest in both companies is insufficient to satisfy the strict requirements of Workers' Compensation Law § 54 (5). In short, given that SIF failed to separately serve Greenvelvet Tree with the required notice of cancellation, it did not properly cancel the workers' compensation policy issued to that entity (see Matter of Ceja v Manetta Enters., Inc., ___ AD3d ___, ___ 2023 NY Slip Op 00139, *1 [2023]; Matter of Zapata v DRI, Ltd., 195 AD2d at 684). SIF's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the amended decision is affirmed, without costs.