Matter of Singh v Atlas NY Constr. Corp. (2024 NY Slip Op 00832)

Matter of Singh v Atlas NY Constr. Corp.

2024 NY Slip Op 00832

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-22-2011
[*1]In the Matter of the Claim of Sukhwinder Singh, Claimant,
v
Atlas NY Construction Corporation et al., Respondents, and National Liability & Fire Insurance Company, Appellant, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 8, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Lois Law Firm LLC, New York City (Addison O'Donnell of counsel), for appellant.
David F. Wertheim, State Insurance Fund, New York City (Vickie R. Cassidy of counsel), for Hyper Structure Corp. and another, respondents.
Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for Creative Mechanical, Inc. and others, respondents.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed October 3, 2022, which ruled, among other things, that National Liability & Fire Insurance Company did not properly cancel the workers' compensation policy issued by it to the employer.
Claimant was injured when he fell from scaffolding while working for the employer, which was the subcontractor on a construction project, and filed a claim for workers' compensation benefits. National Liability & Fire Insurance Company (hereinafter NLF) denied liability for the claim, asserting that, prior to claimant's accident, it had canceled its workers' compensation contract with the employer for nonpayment of premiums. Following various hearings, the Workers' Compensation Law Judge ruled, among other things, that NLF effectively canceled the insurance contract and, as such, liability for claimant's workers' compensation claim rested with the general contractor of the construction project pursuant to Workers' Compensation Law § 56. On administrative appeal, the Workers' Compensation Board modified that decision, finding, as is relevant here, that there was insufficient evidence to establish that NLF properly canceled its workers' compensation policy with the employer and ruled that NLF was the liable carrier at the time of claimant's accident. NLF appeals.
We affirm. "To effectuate the cancellation of a workers' compensation insurance policy, a carrier must strictly comply with the notice requirements of Workers' Compensation Law § 54 (5)" (Matter of Guevara v Greenvelvet Tree, Inc., 213 AD3d 1122, 1123 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Case v State Ins. Fund, 72 NY2d 992, 993 [1988]). When service is by mail, the notice of cancellation must be sent "by certified or registered letter, return receipt requested, addressed to the employer at . . . its last known place of business" (Workers' Compensation Law § 54 [5] [a]). "The carrier has the burden of establishing its compliance in regard to notice of cancellation of coverage, and [this Court] will not substitute its judgment for that of the Board if the Board's conclusion is one that a reasonable mind might accept as adequate" (Matter of Guevara v Greenvelvet Tree, Inc., 213 AD3d at 1123 [internal quotation marks, brackets and citations omitted]; accord Matter of Ceja v Manetta Enters., Inc., 212 AD3d 972, 973 [3d Dept 2023]).
At the hearing, NLF produced the US Postal Service certified mail barcode reflecting the tracking number and the employer's name and address, and the notice of cancellation, all of which, according to NLF, were printed and mailed together as one document to the employer. As acknowledged by the managing underwriter who testified on behalf of NLF, however, there is nothing independently linking the proof of certified mailing with the notice of cancellation (see Matter of Laird v All Pro Air Delivery, Inc., 45 AD3d 924, 925 [3d Dept 2007]; compare Matter of Osorio v M & L Express, [*2]Inc., 155 AD3d 1167, 1168-1169 [3d Dept 2017]). Further, NLF's mailing manifest, which also does not reference the certified mail barcode and tracking number, does not indicate the method by which the notice of cancellation was mailed and/or whether a return receipt was requested. As for a return receipt, an actual return receipt is not required to establish proper cancellation of a policy, only credible evidence that a return receipt was, in fact, requested (see Matter of Rue v Northeast Timber Erectors, 289 AD2d 787, 789 [3d Dept 2001], lv dismissed 98 NY2d 671 [2002], lv denied 99 NY3d 503 [2002]; Matter of Adebahr v 3840 Orloff Ave. Corp., 106 AD2d 770, 771 [3d Dept 1984]). Although the underwriting manager testified that a return receipt was requested when the notice of cancellation was mailed, the Board did not credit this testimony as she acknowledged that she did not have firsthand knowledge of such and did not personally mail the notice of cancellation. Further, the underwriting manager based her testimony regarding the return receipt request, in part, on the stamp on NLF's manifest indicating the postage paid for the mailing; however, the mailing manifest did not indicate if the postage paid pertained solely to the subject mailing or all mailings reflected on the manifest (see Matter of Mendez v TGA Constr., LLC, 209 AD3d 1078, 1080-1081 [3d Dept 2022], lv denied 39 NY3d 909 [2023]; cf. Matter of Craig v Leatherstocking Healthcare, LLC, 139 AD3d 1217, 1218-1219 [3d Dept 2016]). Although the US Postal Service tracking information has a section titled "Return Receipt Electronic," no information appears as to whether such service was requested or simply available.
"It is well settled that the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Mendez v TGA Constr., LLC, 209 AD3d at 1081[internal quotation marks and citations omitted]). Although a contrary conclusion would not have been unreasonable, deferring to the Board's credibility determinations, substantial evidence supports the Board's finding that the proof submitted by NLF was insufficient to meet its burden that it properly canceled the workers' compensation policy with the employer and, as such, the Board's decision will not be disturbed (see Matter of Mendez v TGA Constr., LLC, 209 AD3d at 1080-1081; Matter of Laird v All Pro Air Delivery, 45 AD3d at 925-926; Matter of Rue v Northeast Timber Erectors Inc., 289 AD2d at 789; Matter of Adebahr v 3840 Orloff Ave. Corp., 106 AD2d at 771).
Garry, P.J., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.